IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Defendants. | CASE NO: 1:08-cv-01106 <br><br> Judge Lefkow <br> Magistrate Judge Nolan <br><br> **PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

**COME NOW** the Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., pursuant to 28 U.S.C. § 2201 and

Fed. R. Civ. P. 57, and for their First Amended Complaint for Declaratory Relief against the above-named Defendants state as follows:

## THE PARTIES

1.  Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., are both Iowa corporations with their principal place of business located in Des Moines, Iowa. Hereinafter, these corporations shall be jointly referred to as "TMC."

2.  On or about November 13, 2007, a Request for Mediation with TMC was filed with the American Arbitration Association (the "AAA") by the following named entities:

> "Underwriters at Lloyds and other London Companies; RLI Insurance Company; Great American Insurance Company; Tokio Marine Michido & Fire Insurance Company; Fireman's Fund Insurance Company, Royal Sun Alliance Insurance Company; St. Paul Travelers Insurance Company; Mitsui Insurance Company; XL Insurance Company; Astro (Baloise Insurance Company); The Hartford Insurance Company; Astro (Zurich Insurance Company)."

Said written Request for Mediation is attached hereto as Exhibit "A" and incorporated herein by this reference.

3.  Upon information and belief, Defendant RLI Insurance Company ("RLI") is an insurance company incorporated in Illinois with its principal place of business located in Peoria, Illinois. RLI is licensed to do business and doing business in Illinois.

4.  Upon information and belief, Defendant Great American Insurance Company ("Great American") is an insurance company incorporated in Ohio with its

principal place of business in Cincinnati, Ohio. Great American is licensed to do business and doing business in Illinois.

5. Upon information and belief, Defendant Fireman's Fund Insurance Company ("Fireman's Insurance") is an insurance company incorporated in California with its principal place of business in Novato, California. Fireman's Insurance is licensed to do business and doing business in Illinois.

6. Upon information and belief, Defendant Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006 is an unincorporated association comprised of multiple syndicates, which entered into an insurance contract with The Boeing Company ("Boeing"), as set forth below.

7. Upon information and belief, Defendant Tokio Marine & Nichido Fire Insurance Company ("Tokio Marine") is an alien insurance company with an office in New York, New York. Tokio Marine is licensed to do business and doing business in Illinois.

8. Upon information and belief, Defendant Royal & Sun Alliance Insurance PLC ("Royal & Sun") is an alien insurance company from the United Kingdom. Royal & Sun is licensed to do business and doing business in Illinois.

9. Upon information and belief, Defendant St. Paul Fire & Marine Insurance Company ("St. Paul") is an insurance company incorporated in Minnesota with its principal place of business in St. Paul, Minnesota. St. Paul is licensed to do business and doing business in Illinois.

10. Upon information and belief, Defendant Mitsui Sumitomo Insurance Company of America ("Mitsui") is an insurance company incorporated in New York with its principal place of business in New York, New York. Mitsui is licensed to do business and doing business in Illinois.

11. Upon information and belief, Defendant XL Specialty Insurance Company ("XL") is an insurance company incorporated in Delaware with its principal place of business in Wilmington, Delaware. XL is licensed to do business and doing business in Illinois.

12. Upon information and belief, Defendant The Baloise Insurance Company, Ltd. is the name of a group of insurance companies, one of which entered into an insurance contract with Boeing referred to as Policy No. #314-1-06MAR.

13. Upon information and belief, Defendant Hartford Fire Insurance Company ("Hartford") is an insurance company incorporated in Connecticut with its principal place of business in Hartford, Connecticut. Hartford is licensed to do business and doing business in Illinois.

14. Upon information and belief, Defendant Zurich Global Corporate, UK Ltd. is the name of a group of insurance companies, one of which entered into an insurance contract with Boeing referred to as Policy No. #314-1-06MAR.

15. Each of the above-referenced insurance companies entered into a contract of insurance with Boeing in Chicago, Illinois. The insurance contracts required each of the above-referenced insurance companies to insure a percentage of Boeing's property, including the property at issue in this lawsuit that was damaged in the State of Illinois.

Hereinafter, the above-referenced insurance companies shall be collectively referred to as the "Boeing Insurers."

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1337(a) and 49 U.S.C. §14706, because this dispute involves an Act of Congress regulating commerce or protecting trade and commerce, specifically the Carmack Amendment to the Interstate Commerce Act.

17. The U.S. District Court for the Northern District of Illinois is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) and 1391(c).

## BACKGROUND

18. On February 1, 2006, Boeing entered into a Freight/Transportation Services Agreement (the "Service Contract") with TMC to transport cargo.

19. The Service Contract was a standard form contract prepared by Boeing.

20. In accordance with the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) and (c)(1), Boeing and TMC included in the Service Contract a limitation of liability provision which stated that the "Liability of [TMC] for goods lost or damaged in transit shall be $2.50 per pound based on total weight of shipment."

21. The Service Contract further provided that "Boeing does not require [TMC] to carry all-risk, property, and physical damage coverage." The Service Contract further provided that Boeing would not declare value for any cargo transported under the agreement, that Boeing would not pay TMC to procure full insurance coverage for any

cargo, and that if any loss or damage occurred to cargo during a shipment, Boeing would hold TMC liable only to the extent of the limited liability provision.

22. On June 12, 2006, Boeing issued two Bills of Lading to TMC for the transport of two jet engines. The Bills of Lading were prepared by Boeing. Consistent with the Service Contract and the Carmack Amendment, the Bills of Lading did not declare the value of the two jet engines. Also consistent with the Service Contract and the Carmack Amendment, the Bills of Lading for both jet engines acknowledged TMC's limited liability by stating, in bold and all capital letters, that "RELEASE VALUE NOT TO EXCEED $2.50/LBS." The Bills of Lading further represented that the total weight of each jet engine was 10,000 pounds.

23. On June 13, 2006, while transporting the jet engines from Ohio to Washington pursuant to the Service Contract and Bills of Lading, the TMC truck was involved in an accident in the State of Illinois that allegedly caused damages to the jet engines.

24. The Boeing Insurers paid Boeing the sum of $5.75 million to cover alleged damages to the jet engines. Hereinafter, the alleged damages to the jet engines and the $5.75 million paid by the Boeing Insurers shall be referred to as "the Loss."

25. Thereafter, despite the limitation of liability provision in the Service Contract which limited TMC's liability to $50,000.00, the Boeing Insurers made a claim against TMC for recovery of the $5.75 million they paid to Boeing.

26. On November 8, 2007, the Boeing Insurers demanded that TMC participate in a mediation in the State of Washington, and cited the Service Contract as their authority to demand such mediation.

27. In response, TMC stated that its liability was limited to $2.50 per pound pursuant to the Service Contract, and therefore refused to enter into any mediation with the Boeing Insurers.

28. On November 13, 2007, the Boeing Insurers filed a Demand For Mediation against TMC with the AAA. (Attached hereto as Exhibit A).

29. On November 20, 2007, in response to the Demand For Mediation, TMC advised the AAA and the Boeing Insurers that it did not agree to mediate because its liability for the Loss under the Service Contract was limited to $2.50 per pound.

30. Thereafter, the Boeing Insurers continued to move forward with the mediation process, and unilaterally appointed a mediator in the State of Washington and have continued to demand that TMC participate in the mediation. The Boeing Insurers also have threatened legal action to compel TMC to participate in the mediation and/or to force TMC to pay the amount claimed by the Boeing Insurers.

31. TMC has tendered its limit of liability for the Loss under the Service Contract - $50,000.00 - to the Boeing Insurers. To date, the Boeing Insurers have not accepted this tender and have continued to demand that TMC participate in a mediation.

32. TMC asserts as follows with respect to the efforts of the Boeing Insurers to force it to mediate and possibly arbitrate additional liability for the Loss:

    a. that in accordance with the Carmack Amendment, TMC and Boeing properly agreed to limit TMC's liability to $2.50/pound;

    b. that TMC owes nothing further to Boeing for the Loss under the Service Contract, beyond the $2.50/pound it has already tendered and which tender is still open and outstanding;

    c. that therefore the Boeing Insurers are not properly subrogated to any rights of Boeing to recover additional amounts against TMC for the Loss; and

    d. that accordingly the Boeing Insurers do not stand in the shoes of Boeing as subrogees and thus have no right to demand a mediation or arbitration under the Service Contract.

33. The Boeing Insurers continue to demand mediation under the Service Contract and have also threatened to initiate an arbitration or other legal proceedings against TMC pursuant to the Service Contract.

34. Thus, an actual controversy exists between the parties as to their rights.

### **COUNT I – REQUEST FOR DECLARATORY JUDGMENT**

35. TMC realleges and incorporates by reference the allegations set forth in Paragraphs 1-34 herein.

36. TMC respectfully requests that the Court declare the rights of the parties and enter a declaratory judgment as follows:

    a. Declaring that TMC and Boeing properly agreed to limit TMC's liability to $2.50 per pound pursuant to the Carmack Amendment;

    b. Declaring that TMC thus owes nothing more than the $2.50/lbs limit to Boeing under the Service Contract for the Loss;

    c. Declaring that the Boeing Insurers are not properly subrogated to any rights of Boeing to recover additional amounts from TMC for the Loss beyond the $2.50 limit that TMC has already tendered;

    d. Declaring that the Boeing Insurers do not stand in the shoes of Boeing as subrogees and thus have no right to a mediation or arbitration against TMC under the Service Contract; and

    e. Declaring that TMC has no further liability to the Boeing Insurers arising out of the accident which is the subject of the action and that, therefore, said Boeing Insurers have no claim that may be pursued against TMC in any forum.

**WHEREFORE**, TMC respectfully requests that the Court enter a declaratory judgment as set forth herein and grant such other and additional relief as it deems just and appropriate.

                              Respectfully Submitted,

                              Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc.

                              By:    s/ Christopher J. Werner
                                        One of its Attorneys

                              Todd A. Strother, ARDC #6230355
                              BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Tel:   (515) 246-5848
Fax:   (515) 246-5808
E-Mail: Strother.todd@bradshawlaw.com


Christopher J. Werner, ARDC #6278691
SMITH & BENT, P.C.
53 West Jackson Boulevard, Suite 402
Chicago, IL  60622
Tel:   (312) 546-6140
Fax:   (888) 664-8172
E-Mail: cwerner@smithandbent.com