UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Defendants. | CASE NO.: 08 C 1106 (JHL) (NRN) <br><br><br> HONORABLE JUDGE LEFKOW |

## MOTION TO DEFER ANSWER AND DISCOVERY PENDING RESOLUTION OF MOTION TO TRANSFER

Defendants, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui

Sumitomo Insurance Company of America, Tokio Marine & Nichido Fire Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company, The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Defendants"), by and through their attorneys, Schoen Mangan & Smith and Maloof Browne & Eagan LLC, do hereby move this Honorable Court for an order: deferring Defendants' obligation to answer the Complaint pending resolution of Defendants' Motion to Transfer.

## MEMORANDUM OF LAW

The normal time to file an answer following the filing of a Rule 12(b) Motion to Dismiss is ten (10) days after a ruling on the motion. Fed.R.Civ.P. 12(a)(4). It was stated at the recent court conference that an answer should be filed in this case much earlier than that, with no precise date specified. The Defendants move herein that the Court defer their obligation to file an answer in this matter pending resolution of Defendants' Motion to Transfer (Docket No. 14), in light of a concurrent action in Washington. On April 2, 2008, Defendants filed a parallel action to this one against Yellowstone Trucking, Inc., Annett Holdings, Inc. and Annett Holdings, Inc d/b/a TMC Transportation, Inc. in the Western District of Washington, asserting claims for breach of bailment obligations, breach of contract, as well as claims in tort and arising under the Carmack Amendment. A copy of the Complaint is attached hereto as Exhibit A to the Declaration of Todd A. Barton ("Barton Decl."). All would agree that <u>proceeding to actually litigate in two courts simultaneously makes little sense</u>.

Although Plaintiff TMC Transportation, Inc. ("TMC") would appear to have filed its declaratory judgment action before Defendants could file their suit in a court of their choosing, "the federal declaratory judgment is not a prize to the winner of the race to the courthouse." *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) (quoting *Perez*

*v Ledesma*, 401 U.S. 82, 119 n.12 (1971)). In fact, Defendants consider themselves to have the first-filed action by pursuing mediation in accordance with a provision in the Boeing-TMC transportation contract. (Barton Decl., Exhibit B). Because TMC instituted the present action in bad faith and in direct violation of that express contractual provision, this declaratory judgment action cannot be deemed to take precedence over Defendants' affirmative action in Washington. By letting this case proceed before a ruling on Defendants' Motion to Transfer, especially in light of the concurrent action in Washington, TMC essentially is permitted to improperly use the declaratory judgment as a tool to "choose the forum." *Schwarz v National Van Lines, Inc*, 317 F.Supp 2d 829, 833 (N.D. Ill. 2004).

In light of the foregoing, Defendants respectfully request that the Court defer our obligation to answer the Complaint pending resolution of Defendants' Motion to Dismiss. To avoid any confusion, if the Court should deny this motion, Defendants request that the Court set a date certain, no sooner than twenty (20) after such denial, for Defendants to answer the Complaint and/or Counter Claim. Of course, discovery would also be deferred until after any answer is filed as per usual Federal procedure.

## CONCLUSION

The Court should grant Defendants' Motion and defer its obligation to answer the Complaint and to engage in discovery pending resolution of Defendants' Motion to Transfer.

Respectfully Submitted,
SCHOEN MANGAN & SMITH
By: s/Thomas P. Mangan
Thomas P. Mangan, Esq.
200 W. Adams, Suite 1005
Chicago, IL 60606
Tel: (312) 726-5151
Fax: (312) 726-0884
Email: tmangan@schoenmslaw.com

and

MALOOF BROWNE & EAGAN, LLC
David T. Maloof, Esq.
Thomas M. Eagan, Esq.
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Defendants. | CASE NO.: 08 C 1106 (JHL) (NRN) <br><br><br> **DECLARATION OF TODD A. BARTON IN SUPPORT OF MOTION TO DEFER ANSWER AND DISCOVERY PENDING RESOLUTION OF MOTION TO TRANSFER** |

I, Todd A. Barton, declare that I am an associate of Maloof Browne & Eagan LLC, attorneys for Defendants, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui Sumimoto Insurance Company of America, Tokio Marine & Nichido Fire

Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company, The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Defendants"). I declare the following upon information and belief:

1. I attach as Exhibit A a true copy of the Complaint, filed on April 2, 2008, in the Western District of Washington, in the case of *Certain Underwriters at Lloyds and Those Companies Severally Subscribing to Boeing Policy Number 509/JC487006 et al. v. Yellowstone Trucking, Inc. et al*, Docket No. C08-0518.

2. I attach as Exhibit B a true copy of the "Full Truckload Transportation Contract" between Plaintiff TMC Transportation, Inc. and The Boeing Company.

I declare the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: Rye, New York
April 7, 2008

Todd A. Barton