UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, ROYAL & SUN ALLIANCE INSURANCE PLC, RLI INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br>*Plaintiffs,* <br><br>- against - <br><br>YELLOWSTONE TRUCKING, INC., ANNETT HOLDINGS, INC., and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. <br><br>*Defendants* | No. <br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

COMPLAINT                                1

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200


EXHIBIT A

Plaintiffs, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui Sumimoto Insurance Company of America, Tokio Marine & Nichido Fire Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company, The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Plaintiffs") by their attorneys, Montgomery Scarp MacDougall, PLLC and Maloof Browne & Eagan LLC, for their Complaint, allege on information and belief as follows:

## I. PARTIES

1. Plaintiff Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006 were and are insurance companies organized and existing under and by virtue of the laws of various countries, and are insurers of the Shipment that is the subject of this action, as more fully described below. These companies are as follows:

|     | Company Name | State/Country of Incorporation | Principal Place of Business |
| --- | --- | --- | --- |
| (a) | Royal & Sun Alliance Insurance plc | United Kingdom | London, UK |
| (b) | CNA Insurance Company, Ltd. | Delaware | Chicago, IL |
| (c) | Swiss Re Frankona Reinsurance Ltd. | United Kingdom | London, UK |
| (d) | Tokio Marine Europe Insurace Ltd | United Kingdom | London, UK |
| (e) | New Hampshire Insurance Co. | Pennsylvania | New York, NY |
| (f) | Federal Insurance Company | Indiana | Indianapolis, IN |
| (g) | Groupama Transport | France | Le Havre, France |

COMPLAINT                                 2                          Maloof Browne & Eagan LLC
                                                                     411 Theodore Fremd Ave., Ste. 190
                                                                     Rye, NY 10580
                                                                     (914) 921-1200

2. Plaintiff Royal & Sun Alliance Insurance plc was and is a foreign insurance company organized and existing and by virtue of the laws of the United Kingdom, and is an insurer of the Shipment that is the subject of this action, as more fully described below

3. Plaintiff RLI Insurance Company was and is an insurance company organized and existing and by virtue of the laws of State of Illinois, with its principal place of business in Peoria, Illinois, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

4. Plaintiff St. Paul Fire & Marine Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

5. Plaintiff Great American Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

6. Plaintiff Mitsui Sumitomo Insurance Company of America was and is an insurance company organized and existing and by virtue of the laws of the State of New York, with its principal place of business in New York, New York, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

7. Plaintiff Tokio Marine & Nichido Fire Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of New York, with its principal place of business in New York, New York, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

8. Plaintiff XL Specialty Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Delaware with its principal place of business in Stamford, Connecticut, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

COMPLAINT                                3

9. Plaintiff Fireman's Fund Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of California, with its principal place of business in Novato, California, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

10. Plaintiff The Baloise Insurance Company, Ltd. was and is a foreign insurance company organized and existing and by virtue of the laws of Switzerland, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

11. Plaintiff Hartford Fire Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

12. Plaintiff Zurich Global Corporate, UK Ltd. was and is a foreign insurance company organized and existing and by virtue of the laws of the United Kingdom, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

13. Defendant Yellowstone Trucking, Inc. (hereinafter "Yellowstone") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa, was and is doing business as a common carrier of goods by road for hire, and was delivering and/or receiving carrier of the Shipment that is the subject of this action. Upon information and belief, Defendant Yellowstone is managed and supervised by Defendant Annett, as both companies share the identical principal place of business, executives and/or corporate officers. Defendant Yellowstone does business in the State of Washington and in this District as it runs trucking routes here and/or otherwise operates in the Western District of Washington.

14. Defendant Annett Holdings, Inc. (hereinafter "Annett") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa. Defendant Annett supervises and manages its trucking divisions, including TMC Transportation, Inc., as well as Defendant Yellowstone. Defendant Annett does business in the

COMPLAINT                                4                      Maloof Browne & Eagan LLC
                                                                411 Theodore Fremd Ave., Ste. 190
                                                                Rye, NY 10580
                                                                (914) 921-1200

State of Washington and in this District as its various trucking divisions run routes here and/or otherwise operate in the Western District of Washington

15. Defendant Annett Holdings, Inc. d/b/a TMC Transportation, Inc. (hereinafter "TMC") is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa, was and is doing business as a common carrier of goods by road for hire, and was the delivering and/or receiving carrier and/or freight forwarder of the Shipment that is the subject of this action. Defendant TMC does business in the State of Washington and in this District as it runs trucking routes here and/or otherwise operates in the Western District of Washington.

## II. JURISDICTION AND VENUE

16. This action arises under the Court's federal question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706), diversity jurisdiction (28 U.S.C. § 1332) and/or supplemental jurisdiction (28 U.S.C § 1367) as hereinafter more fully appears. The amount in controversy exceeds U.S. $75,000.00, exclusive of interest and costs.

17. Venue is proper here within the meaning of 49 U.S.C. § 14706(d)(1), as all Defendants run trucking routes and/or otherwise operate in the Western District of Washington. Venue is also proper pursuant to 28 U.S.C. § 1391 because all Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c)

## III. FACTS CONCERNING THE SHIPMENT

18. Effective February 1, 2006, Boeing entered into a "Full Truckload Transportation Contract" (hereinafter the "Contract") with Defendant Yellowstone. On or about May 30, 2006, a revision to the Contract changed the Boeing service provider, removing Defendant Yellowstone and replacing it with Defendant TMC, effective June 1, 2006.

19. On or about June 12, 2006, in Peebles, Ohio, there was shipped by General Electric and delivered to Ms. Betty Ellen Messner, a trucker for Defendant Yellowstone, two CFM 56-7B Jet Aircraft Engines, serial numbers 892-976 and 892-978, respectively, for use in commercial

COMPLAINT                                     5                        Maloof Browne & Eagan LLC
                                                                       411 Theodore Fremd Ave., Ste. 190
                                                                       Rye, NY 10580
                                                                       (914) 921-1200

airplanes by The Boeing Company ("Boeing"), then being in good order and condition (hereinafter the "Shipment")

20. Defendants Yellowstone and/or TMC then and there received and accepted the Shipment so shipped. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants Yellowstone and/or TMC further agreed to transport and carry said Shipment to Tukwila, Washington, and there deliver the Shipment in like good order and condition to Boeing.

21. The Shipment was described in two General Electric receipts, numbered 216745 and 216746, respectively, both dated on or about June 12, 2006. The Shipment was also described in two General Electric "Shipping Documents," numbered 905893 and 905894, respectively, both dated on or about June 12, 2006.

22. Upon information and belief, Defendant Annett incorrectly informed the operator of the Yellowstone truck that the Shipment needed to arrive at its destination within forty-eight hours, when in actuality the Shipment was expected within seventy-two hours or more. As a result of this incorrect instruction from Defendant Annett, the operator of the Yellowstone truck undertook to drive over ten straight hours and through the night of June 12, 2006.

23. Upon information and belief, at or about 7:35 a.m. on June 13, 2006, at or around milepost 38 on Interstate 74 in Knox County, Illinois, the operator of the Yellowstone truck carrying the Shipment fell asleep at the wheel, eventually causing the truck to flip over and causing severe damage to the Shipment.

24. Thereafter, Defendants Yellowstone and/or TMC did not make delivery of the Shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value, all in violation of Defendants' obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

25. Plaintiffs insured the Shipment and have incurred and will incur substantial losses as a result of the damage to the Shipment.

COMPLAINT     6     Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

26. Plaintiffs have performed all conditions on their part to be performed. Plaintiffs bring this action on their own behalf and as assignees and/or subrogees of all parties interested in and who were damaged as a result of the damage suffered by the Shipment, as their respective interests may ultimately appear. Plaintiffs are duly entitled to maintain this action.

27. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding $5,750,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF DUTIES UNDER THE CARMACK AMENDMENT AND/OR OTHER APPLICABLE LAWS

(As Against Defendants Yellowstone and TMC Only)

28. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 27 above and all of the allegations below.

29. By reason of the foregoing, Defendants Yellowstone and TMC were receiving and/or delivering carriers and/or freight forwarders of the Shipment and breached their duties as such under 49 U.S.C. § 14706 and/or other applicable laws.

30. By reason of the foregoing, Defendants Yellowstone and TMC have caused damage to Plaintiffs in an amount estimated to be up to and exceeding U.S. $5,750,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

(As Against Defendants Yellowstone and TMC Only)

31. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 30 above and all of the allegations below.

32. Defendants Yellowstone and/or TMC at all relevant times acted as carriers of goods for hire and/or bailees of and/or otherwise had a duty to care for the Shipment at the time it was in their custody. Defendants Yellowstone and/or TMC thereby, or through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the

COMPLAINT                                7

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

Shipment in the same condition as when entrusted to them, and/or to perform their services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants Yellowstone and/or TMC breached those obligations and negligently failed to deliver to Plaintiffs' designees and/or consignees the Shipment in as complete and good conditions as when entrusted to them.

33. By reason of the foregoing, Defendants Yellowstone and/or TMC have caused damage as alleged herein to Plaintiffs and are liable to Plaintiffs for such damages in an amount estimated to be or exceed U.S. $5,750,000.00.

### THIRD CAUSE OF ACTION

### TORT: NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT

**(As Against Defendants Yellowstone and TMC Only)**

34. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 33 above and all of the allegations below.

35. Defendants Yellowstone and/or TMC, directly or through their employees, agents or independent contractors, each negligently, with gross negligence, recklessly and/or willfully failed to exercise the degree of care in relation to the Shipment which a reasonably careful man would exercise under like circumstances, and/or negligently, with gross negligence, recklessly and/or willfully failed to manage the shipping process and/or handle the Shipment such as was required to be safe and would be sufficient to prevent the damage to the Shipment.

36. The Shipment suffered loss as alleged herein, as a proximate result of Defendant Yellowstone's and/or TMC's said negligent, grossly negligent, reckless and/or willful conduct.

37. Defendants Yellowstone and/or TMC are accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $5,750,000.00.

## FOURTH CAUSE OF ACTION

### TORT: NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT

(As Against Defendant Annett Only)

38. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 37 above and all of the allegations below.

39. Defendant Annett, directly or through its employees, agents or independent contractors, each negligently, with gross negligence, recklessly and/or willfully failed to exercise the degree of care in supervising and/or managing Defendant Yellowstone, Defendant TMC, its trucking divisions and/or its truckers that a reasonably careful man would exercise under like circumstances. It also failed to supervise and/or manage Defendant Yellowstone, Defendant TMC, its trucking divisions and/or its truckers to enable them to carry the Shipment such as was reasonably and legally required and would be sufficient to prevent the damage to the Shipment.

40. Defendant Annett, as manager and/or supervisor of Defendant Yellowstone, Defendant TMC, its trucking divisions and/or its truckers, directly or through its employees, agents or independent contractors, acted improperly. As one such example, it willfully failed to take necessary precautions to uncover and prevent the practice of its truckers to more hurriedly deliver loads than was safe and/or in violation of federal regulations, including, *inter alia*, 49 C.F.R. § 390.13, and/or Defendant Annett willfully aided, abetted, encouraged and/or required such conduct by said truckers. Said conduct also constituted a material deviation from the manner in which Boeing contracted for TMC to handle the Shipment.

41. Defendant Annett is accordingly liable to Plaintiffs in an amount estimated to be or exceed U.S. $5,750,000.00.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT
### (As Against All Defendants)

42. Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 41 above and all of the allegations below

43. In the alternative, if the Court finds that Defendants were parties to a valid and enforceable contract, by reason of the foregoing Defendants materially breached and intentionally and willfully deviated from their duties under the applicable law and under said contract.

44. If the contract found to apply is the Contract between Boeing and IMC, same incorporates the application of the law of the State of Washington.

45. Under Washington law, federal common law and/or the Carmack Amendment, each of which are pled in this cause of action in the alternative, contractual limitations of liability are not enforceable, *inter alia*, when the party seeking to enforce the limitation has engaged in grossly negligent and/or reckless and/or willful and/or materially deviant conduct.

46. Defendants are accordingly liable without limitation to Plaintiffs in an amount estimated to be or exceed U.S. $5,750,000.00

## PRAYER FOR RELIEF

WHEREOF, Plaintiffs pray:

1. That judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages, estimated to be or exceed $5,750,000.00, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.


DATED this April 2, 2008 at Seattle, Washington.

MONTGOMERY SCARP MacDOUGALL, PLLC

By /s/ Bradley Scarp
Bradley Scarp, WA. Bar No. 21453
Allan L. MacDougall, WA. Bar No. 1251
1218 Third Avenue, 27th Floor
Seattle, Washington 98101
Tel: (206) 625-1801
Fax: (206) 625-1807
brad@montgomeryscarp.com
john@montgomeryscarp.com

and

MALOOF BROWNE & EAGAN LLC
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial on all triable issues raised in the pleadings.

DATED this April 2, 2008 at Seattle, Washington.

MONTGOMERY SCARP MacDOUGALL, PLLC

By: /s/ Bradley Scarp
Bradley Scarp, WA. Bar No. 21453
Allan L. MacDougall, WA. Bar No. 1251
1218 Third Avenue, 27th Floor
Seattle, Washington 98101
Tel: (206) 625-1801
Fax: (206) 625-1807
brad@montgomeryscarp.com
john@montgomeryscarp.com

and

MALOOF BROWNE & EAGAN LLC
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
*Attorneys for Plaintiffs*

COMPLAINT                    12                    Maloof Browne & Eagan LLC
                                                   411 Theodore Fremd Ave., Ste. 190
                                                   Rye, NY 10580
                                                   (914) 921-1200