IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, ET AL, <br><br> Defendants. | CASE NO: 1:08-cv-01106 <br><br><br> **PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO DEFER ANSWER AND DISCOVERY PENDING RESOLUTION OF MOTION TO TRANSFER** <br><br> ***EXPEDITED RELIEF REQUESTED*** |

**COME NOW** the Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., and for their Resistance to Defendants' Motion to Defer Answer and Discovery Pending Resolution of Motion to Transfer, state as follows:

## INTRODUCTION

During the hearing on March 27, 2008, this Court directed that the case should go forward during the pendency of Defendants' motion to transfer, and further directed that Defendants should file their answers and that the parties could proceed with discovery. Thereafter, apparently in response to the Court's order, the Defendants filed a new lawsuit in federal court in Washington (filed on April 2, 2008), which involves the exact same parties and issues. The Defendants now seek to use their newly filed lawsuit

as grounds to ask this Court to reverse itself and to obtain what is essentially a stay of the litigation in this Court. Presumably, Defendants hope to obtain a stay of the litigation in this Court to help persuade the federal court in Washington to keep the case there.

However, merely filing a <u>subsequent</u> new lawsuit in another state does not constitute good cause for a stay of these proceedings, and thus the Defendants' current motion must be denied. Further, the Court should immediately, without further briefing or argument, deny Defendants' motion and order them to answer the Complaint within five (5) days. If the Defendants are allowed a briefing schedule, oral argument, and then an additional twenty (20) days after ruling as they request, they will essentially obtain the stay they are asking for in their motion.

## **BACKGROUND**

This litigation relates to a transportation contract between Plaintiffs and non-party The Boeing Company ("Boeing"), pursuant to which Plaintiffs agreed to transport various cargo for Boeing. In June of 2006, while transporting two jet engines for Boeing, Plaintiff Yellowstone's truck was involved in an accident that allegedly caused damages to the engines. The transportation contract, which was drafted by Boeing, contained a limitation of liability provision which limited Plaintiffs' liability for such damages to $50,000.00.

Despite the clear and unambiguous limitation of liability provision drafted by Boeing, the Boeing insurers (the Defendants herein who paid for the alleged damages to the jet engines) began demanding that Plaintiffs participate in a mediation pursuant to the transportation contract with Boeing. Plaintiffs refused to mediate with Defendants on the

basis that Defendants are not parties to the transportation contract and that Plaintiffs owe nothing further to Boeing beyond the $50,00000 limit of liability.

Defendants then proceeded to unilaterally initiate and pursue a mediation, and unilaterally appointed a mediator from the State of Washington. Further, even though the transportation contract provided that any mediation "shall be held at a mutually agreed upon location," the Defendants demanded that Plaintiffs attend a mediation in the State of Washington.

Plaintiffs believed that Defendants had no legal or contractual right to demand a mediation under the transportation contract to which they were not a party. *See, e.g., ASW Allstate Painting & Const. Co., Inc. v. Lexington Ins. Co.*, 94 F.Supp.2d 782 (W.D. Tex. 2000)(holding that allegedly subrogated insurer had no right to enforce arbitration clause in its insured's contract because nothing further was owed to the insured and thus insurer did not stand in the insured's shoes as a subrogee). Therefore, Plaintiffs filed this lawsuit to stop the Defendants from their efforts to force a mediation/arbitration and to stop the Defendants from trying to make Plaintiffs pay more than the contractual limit of liability.

On March 20, 2008, Defendants filed a Motion to Transfer the venue of this case to Washington. Defendants acknowledged therein that venue and jurisdiction are proper in this Court, but alleged that Washington is a more convenient forum. As will be shown in Plaintiffs' resistance to the motion to transfer, however, the Defendants not only fail to meet their burden of proving that Washington is more convenient, and fail to show that Washington has any pertinent connection to this dispute whatsoever, they do not even

properly allege adequate grounds for transfer of the case because they do not allege that Plaintiffs could have sued Defendants in the State of Washington.

During the March 27, 2008 presentment hearing on Defendants' Motion to Transfer, this Court directed that the case should proceed, that the Defendants should answer the Complaint and that the parties could engage in discovery.  As the Court explained, this case is going to proceed somewhere, and so there is no reason to hold up its progress during the pendency of Defendants' Motion to Transfer.  <u>Subsequent</u> to this ruling, on April 2, 2008, the Defendants filed a new lawsuit in federal court in Washington, which involves the exact same parties and exact same issues.

## **ARGUMENT**

**I.    DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a) DOES NOT ALTER THE APPLICABLE TIME PERIOD DEFENDANTS HAVE TO FILE RESPONSIVE PLEADINGS.**

Defendants assert that "the normal time to file an answer following the filing of a Rule 12(b) Motion to Dismiss is ten (10) days after a ruling on the motion."  However, as Defendants presumably know, they have not filed a Rule 12(b) motion to dismiss.  Rather, Defendants have admitted that venue and jurisdiction are proper in this Court, and they have merely filed a motion to transfer to what *they allege* is a more convenient forum.  Accordingly, Rule 12(a)(4) referenced by Defendants has absolutely no applicability here.

## II. CONTINUED LITIGATION SERVES THE INTEREST OF JUDICIAL ECONOMY AND DEFENDANTS HAVE NOT PRESENTED GOOD CAUSE FOR FURTHER DELAY.

The filing of a Section 1404(a) motion does not constitute grounds to stay litigation unless good cause can be shown. *See Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637-38 (M.D.N.C. 1988) (denying defendant's motion for additional time to answer and stay discovery during pendency of defendant's Section 1404(a) motion). The reasoning for such a rule is easy to understand—there is simply no justification for lengthening litigation where jurisdiction over the parties is proper, especially when, as in this case, proceeding with the litigation does not waste time or expense because it will be relevant no matter where the case is decided. *See George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH., WL 3842169 at *1 (S.D. Ill. Dec. 22, 2006) (denying motion to stay pending defendant's Section 1404(a) motion to transfer). Following this procedural framework also promotes judicial economy by minimizing needless delay. *See Kron Medical Corp.*, 119 F.R.D. at 638 (delay of discovery "is normally in no one's interest.").

Although the Fourth Circuit's ruling in *Kron Medical Corp.* does not control this Court's decision, the principles therein are in line with the Seventh Circuit's analysis of similar issues. While the decision to stay proceedings is within the Court's discretion, "[i]n determining the appropriateness…the court considers the interests of judicial economy and the balance of hardships to the proponent and opponent of the stay." *Bd. of Trustees of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 903 (N.D. Ill. 2002) (citations omitted); *see also Walker v. Merck & Co.,* No. 05-

CV-360-DRH, WL 1565839, at *2 (S.D. Ill. June 22, 2005) (identifying prejudice and hardship to parties as relevant to the court's determination).

Here, staying the progress of this case does not further the interest of judicial economy and Defendants have not demonstrated good cause for further delay of this case. The sole basis for Defendants' request here is the filing of their new lawsuit in Washington, which was filed on April 2, 2008. This cannot constitute good cause, particularly where Defendants filed their new lawsuit *after* this Court ruled this case would proceed. If the Defendants' position were the law, then litigation could always be stopped merely by filing subsequent parallel litigation elsewhere.

Furthermore, the Defendants have not met their burden to show prejudice or undue burden which outweighs the cost of delaying the progress of this case. *See Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Ins. Co.,* No. 03 C 8707, WL 2927607, *2 (N.D. Ill. Oct. 10, 2006) (moving party bears the burden of establishing the need for a stay) (quoting *Clinton v. Jones,* 520 U.S. 681, 708 (1997)). Therefore, Defendants' motion to delay the progress of this case should be denied.

### III.    DEFENDANTS CANNOT BE CONSIDERED THE FIRST TO FILE

Defendants argue that they should be considered the "first to file," since they pursued mediation under their insured's contract and because Plaintiffs allegedly instituted this action "in bad faith." Quite notably, Defendants present no case law to support their novel argument that merely requesting a mediation makes a party the first to file a lawsuit.

6

Defendants also argue that "the federal declaratory judgment is not a prize to the winner of the race to the courthouse." However, this was not a situation where Plaintiffs believed Defendants were about to file a lawsuit in Washington and so they rushed into this Court. Rather, Plaintiffs filed this lawsuit to stop Defendants' efforts to try to force a mediation/arbitration under the contract to which they were not a party. Ample case law supports Plaintiffs' right to bring such a cause of action. *See ASW Allstate Painting & Const. Co., Inc. v. Lexington Ins. Co*., 94 F.Supp.2d 782 (W.D. Tex. 2000).

Further, Defendants did not file their lawsuit in Washington until forty (40) days after Plaintiffs filed this action. Obviously, then, this was not a "race to the courthouse," and under no circumstances can Defendants somehow be considered the first to file.

**IV.    DEFENDANTS' ANSWERS SHOULD BE SERVED WITHOUT FURTHER DELAY, AS PREVIOUSLY ORDERED, BECAUSE SEVEN DEFENDANTS HAVE PASSED THEIR DEADLINE FOR SERVING RESPONSIVE PLEADINGS.**

Counsel for the Defendants initially received the Complaint for Declaratory Relief in this case on or about February 25, 2008. Thereafter, at Defendants' request, Plaintiffs filed a First Amended Complaint merely to correct the names of several of the Defendants. Each of the Defendants has either waived service of the First Amended Complaint, or received service of process through either their attorney, the Illinois Director of Insurance, or personal service. As of today, seven (7) of the Defendants have

7

passed their deadline for serving Answers to the First Amended Complaint and thus are in default.[1]

The Defendants, through their counsel, have now been in possession of the Plaintiffs' Complaint for fifty (50) days. During that period, Defendants have found time to file a Motion to Transfer and their own lawsuit based on the exact same facts and circumstances. There simply is no reason the Defendants need any further time to answer the Complaint in this matter, and they certainly do not need another twenty days after the Court's ruling on this motion. Therefore, the Defendants' motion should be denied and they should be re-ordered to immediately answer the Complaint and to participate in discovery in this matter.

---

[1] The seven Defendants and their deadlines to file answers are: RLI Insurance Company (March 31, 2008), Great American Insurance Company (March 31, 2008), Fireman's Fund Insurance Company (April 8, 2008), Hartford Fire Insurance Company (April 14, 2008), Mitsui Sumitomo Insurance Company of America (April 14, 2008), St. Paul Fire & Marine Insurance Company (April 14, 2008), and Tokio Marine & Nichido Fire Insurance Company (April 14, 2008).

**WHEREFORE**, the Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., respectfully request that the Court deny the Defendants' Motion to Defer Answer and Discovery and enter an order

(A) requiring Defendants to file Answers to the First Amended Complaint within five (5) days after receiving the Court's Ruling on this motion,

(B) allowing the parties to immediately proceed with discovery in this matter, and

(C) granting such other and additional relief as it deems just and appropriate.

Respectfully Submitted,

Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc.


By:    s/ Christopher J. Werner
         One of its Attorneys

Denny M. Dennis
Todd A. Strother,  ARDC #6230355
BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Tel:   (515) 246-5848
Fax:   (515) 246-5808
E-Mail: Strother.todd@bradshawlaw.com


Christopher J. Werner, ARDC #6278691
SMITH & BENT, P.C.
53 West Jackson Boulevard, Suite 402
Chicago, IL  60622
Tel:   (312) 546-6140
Fax:   (888) 664-8172
E-Mail: cwerner@smithandbent.com

9