# MALOOF BROWNE & EAGAN LLC

DAVID T. MALOOF

411 Theodore Fremd Ave., Suite 190
Rye, New York 10580
Telephone (914) 921-1200
Telecopier (914) 921-1023
E-mail: dmaloof@maloofandbrowne.com
August 17, 2007

**Facsimile - 29 Pages**

Mr. Dan White
Vice President
Yellowstone Trucking Inc.
3448 N. Heuter Rd.
Coeur d' Alene, ID 83814
Tel: (208) 765-3212
Fax: (208) 667-8160
Email: dwhite@yellowstonetrucking.com

|  |  |  |
|---|---|---|
| Re: | **Revised *Cargo Claim*** | |
| | *Carrier:* | *Yellowstone Trucking Inc.* |
| | *Shipping Order No.:* | *216745 and 216746 Issued 06/12/06* |
| | *Carriage:* | *Pebbles, Ohio to Tukwila, Washington* |
| | *Date of loss:* | *June 13, 2006* |
| | *Cargo:* | *CFM 56-7B Jet Aircraft Engine #892-976* |
| | | *CFM 56-7B Jet Aircraft Engine #892-978* |
| | *Revised Claim Amount:* | *$5, 750,000.00* |
| | *Your Ref:* | *C-19-07* |
| | *Our Ref:* | *2401.03* |

Dear Mr. White:

We represent the cargo insurers with respect to the referenced cargo claim. We hereby again make claim on your company and again demand payment.

Our claim has been reduced to $5, 750,000.00, as explained in the enclosed report.

If you would like to resolve this without litigation, please contact me at your earliest convenience.

Thank you.

Very truly yours,

David T. Maloof

\\SERVER1\Company\WP-DOCS\2401.03\081707 revised Claim letter to Yellowstone.doc

EXHIBIT
*tabbies*
**B**

TMC Company File
000159

<u>Cc:</u> Mr. Todd L. Bunting
Executive Vice President of Safety
TMC Transportation Inc.
PO Box 1774
Des Moines, Iowa 50306
Tel: (515) 287-6380 Ext: 3585
Fax: (515) 287-7650
Email: <u>toodb@tmctrans.com</u>


DTM/mg
Enclosures



# McLarens Young International

GLOBAL CLAIMS SERVICES

19324 40th Avenue W., Suite C
Lynnwood, WA 98036

Tel  425 778-3810
Fax 425 778-4375

www.mclarensyoung.com

August 10, 2007

## INDEMNITY PAYMENT REQUEST

To:    Interested Insurers & Underwriters
       (Per Attached Schedule)

RE:    Report No. 11        :    Interim
       Assured             :    THE BOEING COMPANY
       Policy No.          :    Per Attached Schedule
       Policy Term         :    February 15, 2006- February 15, 2007
       Date of Loss        :    June 13, 2006
       Type of Loss        :    Transit
       Loss Location       :    Pebbles, OH – Tukwila, WA
       Assured's Broker    :    Marsh USA, Inc. – Seattle, WA
       Our File No.        :    03.002279.MI-T
       Your Reference      :    PLEASE ADVISE

Ladies and Gentlemen:

We herewith submit our interim report regarding the above referenced claim for your consideration.

## ENCLOSURE:

1. Schedule of Insurors and Apportionment
2. Proof of Loss
3. Engine Salvage Report – Charles Taylor Aviation

## COVERAGE:

Coverage is provided for Domestic Inland Transit to a primary limit of $100 million excess a $250,000 occurrence deductible with additional provisions for Business Interruption subject a 30 day waiting period.  Inland Transit Coverage is provided to aviation products and merchandise of every description and is insured against All Risks of Physical Loss or Damage, from any external cause, as defined and limited.

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 2

Valuation for property in transit is as follows:

"A.

1. *Property in transit, at the amount of invoice price, any and all freight charges in the invoice including prepaid and/or advanced and/or guaranteed freight, if any, plus 25%, or, if there is no invoice at actual selling price at point of destination less any charges saved which would have become due and payable upon delivery at destination, or if there is no selling price, at replacement cost including such freight charges as may have accrued and become legally due thereon. or, the amount required by instructions received by the Insured or at the amount declared, provided such instructions or declarations are made, but in no event to be less than the foregoing. Containers owned by the Insured: The value is agreed to be the purchase price less depreciation;."*

## DATE OF LOSS:

June 13, 2006

## LOCATION OF LOSS:

Milepost 38 on Interstate 74 in Knox County, Illinois.

## PROPERTY INVOLVED:

CFM 56-7B Jet Aircraft Engine, #892-976
CFM 56-7B Jet Aircraft Engine, #892-978

## NATURE OF LOSS:

Vehicle upset.

## RECOMMENDED SETTLEMENT :

| | |
|---|---|
| CFM-56 Jet Engines-net of salvage | $6,000,000 |
| Less Deductible | $250.000 |
| Claim to Policy | $5,750,000 |

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 3

## INVESTIGATION:

**Assured:**

The Boeing Company
100 North Riverside Plaza
Chicago, IL 60606

**Primary Contact:**

Elizabeth Rosenfeld, Esq.
Manager Insurance Litigation & Liability Risks
The Boeing Company
100 North Riverside  MC 5003-3357
Chicago, IL 60606

Ph:  312-544-2175
Fax : 312-544-2092
elizabeth.a.rosenfeld@boeing.com

## OCCURRENCE:

Loss results from upset of vehicle occurring 7:35 am June 13, 2006 at milepost 38 on
Interstate 74 in Knox County, Illinois.

## SUBROGATION:

Underwriter's subrogation interests are represented by:

Maloof Browne & Eegan, LLC.
441 Theodore Fremd Ave., Suite 190
Rye, NY 10508

Phone: (914)921-1200
Email: DMaloof@MaloofandBrowne.com

## SETTLEMENT:

With the consent of leading underwriters, we herewith propose final settlement in the net
amount of $5,750,000.  Additionally, underwriters will retain exclusive rights to any
recovery achieved through subrogation.

Negotiations with The Boeing Company have been ongoing for some time now and were
finalized during a recent meeting between leading underwriters and representatives for
The Boeing Company.

TMC Company File
000163

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 4

In effecting the settlement, leading underwriters considered the following information:

**Physical Damage:**

While the cost of repair to the engines was not considered exceptional, (combined repairs slightly exceeded the sum of $2.1 million) it was the nature of the damage and stigmatization by GE that made the engines unusable on new aircraft.

As such, the recommended adjustment is based upon the invoiced value of identical, replacement engines. This approach allows underwriters the full benefit of trade discounts included within the invoice for the replacement engines from GE[1] which may have been available on the original invoice.

The invoiced value for the engines totaled $13,576,557 and it was this value that was used in the adjustment. Please refer to Report #5, enclosure #2 to view the invoice.

**Salvage:**

Charles Taylor Aviation (CTa) assisted in the evaluation of salvage value and their findings and recommendations are attached as enclosure #2 to this report. CTa concluded that given the substantial value of the engine contrasted against relatively low repair cost, significant salvage value existed for each of the engines. CTa speculated to us the best potential salvage market for the engines would be an aircraft leasing company who would have need to change out engines during maintenance in order to keep the aircraft operational.

CTa contacted GA Telesis, such a leasing company, and discussed the situation with them without making reference to either The Boeing Company or the engine serial numbers. As per enclosure #2, GA Telesis speculated the potential salvage value would be $4 – $5 million.

Given policy provisions allowing The Boeing Company control of salvage along with some concern that a process involving salvage bids may result in a lower than expected value, we recommended underwriters approach The Boeing Company and seek to negotiate the value of engine salvage. Presuming a value within the range suggested by CTa could be achieved, it made sense to avoid the

---

[1] The invoice for the replacement engines included discounts originally negotiated by Boeing's customer, Southwest Airlines. Typically, the aircraft owner will negotiate directly with GE and the final price of the engines, including negotiated discounts, is thereafter invoiced to Boeing. This is with the understanding that the engines will be installed on the customer's aircraft. Invoicing by GE to Boeing takes place after the engines are installed on the aircraft. Because these engines were not installed on Southwest's aircraft, it was suggested that the negotiated discount of $295,000 per engine, may not apply.

TMC Company File
000164

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 5

potential downside of a bidding process. If however, the value could not be negotiated with Boeing, then bidders could be invited to inspect the engines.

## UPLIFT:

Policy provisions allow for an additional 25% to be applied to the invoice value.

## SUMMARY:

Given the value of the engines, policy provisions allowing for uplift and presuming CTa's maximum estimate for salvage without deduction for brokerage was realized, the best settlement underwriters might have expected could be summarized as follows:

| Line # | Item | Amount | Comment/Source |
|---|---|---|---|
| 1 | CFM56-7 22844 | $6,788,278 | Per GE Invoiced Price |
| 2 | CFM56-7 22845 | $6,788,279 | Per GE Invoiced Price |
| 3 | Total Engine Value | $13,576,557 | Total of Lines 1 & 2 |
| 4 | Uplift @ 25.00% | $3,394,139 | Line 3 x uplift % |
| 5 | Exposure to Policy | $16,970,696 | Total of Lines 3 & 4 |
| 6 | Less: Estimated Salvage | $10,000,000 | $5.0 million per engine |
| 7 | Claim to Policy | $6,970,696 | Line 5 less Line 6 |
| 8 | Less: Deductible | $250,000 | Policy Terms and Conditions |
| 9 | Claim to Policy | $6,720,696 | Line 7 less Line 8 |

The recommended settlement of $5,750,000, net of deductible falls well within this range and has been approved by both the London/Policy leader (RSA) and the Domestic leader (XL).

We are able to advise that The Boeing Company has also agreed the terms as proposed.

## PAYMENT REQUESTED:

With permission of leading underwriters, McLarens Young herewith recommends final payment as follows:

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 6

| Company | % | Amount |
|---|---|---|
| Royal Sun Alliance | 30.00% | $1,725,000.00 |
| Underwriters at Lloyds | 28.50% | $1,638,750.00 |
| XL Brockbank | 10.00% | $575,000.00 |
| Mitsui | 5.00% | $287,500.00 |
| Tokio Marine | 5.00% | $287,500.00 |
| RLI Insurance | 2.50% | $143,750.00 |
| Fireman's Fund | 2.00% | $115,000.00 |
| St. Paul Travelers | 1.00% | $57,500.00 |
| Great American | 1.00% | $57,500.00 |
| Hartford | 1.00% | $57,500.00 |
| Astro II | 10.00% | $575,000.00 |
| Astro II | 4.00% | $230,000.00 |
| Total Claim to Policy | 100.00% | $5,750,000.00 |

## Wire Transfer (Preferred)

Below are the wire instructions for The Boeing Company:

| | |
|---|---|
| Vendor Name: | The Boeing Company |
| Beneficiary Bank: | Chase Manhattan Bank |
| Name on Bank Account: | The Boeing Company |
| Bank Account Number: | 910 2 776581 |
| ABA #: | 021 000 021 |
| Bank Contact Person: | Claudia Alcantar |
| Bank Contact Phone Number: | (312) 544-2152 |
| Tax ID#: | 91-0425694 |

Please provide supporting documentation by mail, fax, or e-mail.

Thank you.

Claudia Alcantar
Accounting Specialist, Risk Finance & Accounting
100 N Riverside MC 5003-3357
Chicago, IL 60606-1596
Tel. (312) 544-2152
Fax (312) 544-2092
claudia.alcantar@boeing.com

Wire Transfer Instruction Continued: Please notify mark.walters@marsh.com of payments as well as those individuals identified above.

## Mailing Instruction:

In the event Underwriters are unable to issue payment by wire transfer, payment by check may be issued as follows:

Interested Insurors & Underwriters
MYI File 03.002279.MI-T
August 10, 2007
Page 7

Payable to:       The Boeing Company

Mail to:          Marsh USA
                  1215 4th Ave. Suite 2300
                  Seattle, WA 98161
                  Attn: Mark Walters (Personal and Confidential)

**REMARKS:**

The first party adjustment file will be closed as soon as our consultant's billing is
received. Subrogation will be pursued by underwriter's counsel who will report directly.

Please anticipate our closing report within 10 days.

                              Very Truly Yours,
                              MCLARENS YOUNG INTERNATIONAL


                              Timothy D. Owen, CPCU
                              Vice President
                              Email: tim.owen@mclarensyoung.com
                              Direct Line: (425)640-4544

TDO/cbm
Encls.
03002279_Rpt.11.doc

TMC Company File
000167

# *ENCLOSURE #1*

## *Schedule of Insurors and Apportionment*

SCHEDULE OF INSURORS

# The Boeing Company
February 15, 2006 - February 15, 2007

June 13, 2006
Damage in Transit  (Pebbles, OH - Tukwila, WA)

| Insuror | Policy No. | Claim No. | Participation | Amount |
|---|---|---|---|---|
| **Underwriters at Lloyds**<br>C/o Marsh - HYNIX<br>1 Tower Place West<br>London  EC3R 5BU England<br>Attn: Nick Bartholomew<br><br>Phone: 01144 160 320 7613<br>Fax: 01144 160 320 7075<br>nick.bartholomew@marsh.com | JA487006 | JC4870040003 | 28.50% | $28,500,000 |
| **Royal Sun Alliance**<br>C/o Marsh - HYNIX<br>1 Tower Place West<br>London  EC3R 5BU England<br>Attn: Nick Bartholomew<br><br>Phone: 01144 160 320 7613<br>Fax: 01144 160 320 7075<br>nick.bartholomew@marsh.com | JC487006 | JC4870040003 | 30.00% | $  30,000,000 |
| **RLI Insurance**<br>9025 N. Lindbergh Dr.<br>Peoria, IL 61615<br>Attn: Victor Corso<br><br>Phone: (309)692-1000<br>Fax:(309)692-6796<br>Victor_Corso@rlicorp.com | CAR300008 | Please Advise | 2.50% | $  2,500,000 |
| **St. Paul Travelers**<br>200 N. LaSalle, Ste. 2100<br>Chicago, IL 60601<br>Attn: Carol Gregory<br><br>Phone: 312-917-3604<br>Fax: 312-917-2130<br>cgregory@travelers.com | OC01200749 | AES 1736 | 1.00% | $  1,000,000 |
| **Continued on Next Page** | | | | |

## SCHEDULE OF INSURORS
### The Boeing Company
June 13, 2006
Damage in Transit (Pebbles, OH - Tukwila, WA)

| Insuror | Policy No. | Claim No. | Participation | Amount |
|---|---|---|---|---|
| Great American Insurance Co, 65 Broadway, 20th Floor New York, NY 10006 Attn: Ben Lombardi<br><br>Phone: (510)988-2225 Fax : (510)935-8636 blombardi@gaic.com | OMC5389697 | Please Advise | 1.00% | $ 1,000,000 |
| Mitsui Sumitomo 560 Lexington Ave. 20th Floor New York, NY 10022 Attn: Michael Osorio<br><br>Phone: (212)230-2964 Fax: (212)319-7061 MOsorio@msicus.com | OCMM001130 | OA102921 | 5.00% | $ 5,000,000 |
| Tokio Marine 230 Park Avenue New York, NY 10169 Attn: Patricia Quinn<br><br>Phone: (212)297-6752 Fax: (212)297-6968 Patricia.Quinn@tmclaimsservice.com | T060010666 | NG006-0267 | 5.00% | $ 5,000,000 |
| XL Marine 99 Park Avenue, 3rd Floor New York, NY 10016 Attn: Jonathan O'Hara<br><br>Phone: (212) 331-1304 Fax: (212) 331-1300 jonathan.ohara@xlgroup.com | UM00012841CR06A | UM00004059 | 10.00% | $ 10,000,000 |
| Fireman's Fund 33 W. Monroe St. Ste.1200 Chicago, IL 60603-5316 Attn: Craig Pearson<br><br>Phone: (312)441-6224 Fax: (312)441-6220 craig.pearson@ffic.com | OC-96079200 | 20036261 | 2.00% | $ 2,000,000 |
| Page 2 of 3 | | Continued on Next Page | | |

SCHEDULE OF INSURORS
**The Boeing Company**
June 13, 2006
Damage in Transit (Pebbles, OH - Tukwila, WA)

| Insuror | Policy No. | Claim No. | Participation | Amount |
|---|---|---|---|---|
| **Astro II**<br>c/o Aon Insurance Managers<br>76 Paul Street, Suite 500<br>Burlington, VT  05401-4477<br>Attn: Thao T. Nguyen<br>Thao_Nguyen@agl.aon.com<br>cc: Marsh USA<br>　1215 4th Ave. Suite 2300<br>　Seattle, WA  98161<br>　Attn: Mark Walters<br><br>cc:The Boeing Company - WHQ<br>　100 North Riverside Plaza<br>　MC 5003-3357<br>　Chicago IL  60606<br>　Attn: Elizabeth Rosenfeld and Shelly Hubicki | 314-1-06MAR | Please Advise | 10.00% | $  10,000,000 |
| **Astro II**<br>c/o Aon Insurance Managers<br>76 Paul Street, Suite 500<br>Burlington, VT  05401-4477<br>Attn: Thao T. Nguyen<br><br>cc:<br>C/o The Baloise Insurance Company<br>PO Box Aeschengraben 21<br>4000 Basle,  Switzerland<br>Attn: Priska Hostettler<br>priska.hosttetler@baloise.ch<br>Phone: 011 4161 285 71 87<br>Fax: 011 4161 285 90 09 | 314-1-06MAR | 506.06 | 4.00% | $  4,000,000 |
| **Hartford**<br>PO Box 3122<br>Naperville IL 60566<br>Attn: Sherry Ortega<br><br>Phone: (800)843-7006 X 28845<br>Fax: (800)380-9699<br>Sherry.Ortega@thehartford.com | 83CTPAJ7978 | CP6559641 | 1.00% | $  1,000,000 |
| Page 3 of 3 | | | | |

# *ENCLOSURE #2*

## *Proof of Loss*

TMC Company File
000172

Amount of Policy at Time of Loss:
$10,000,000

Date Issued:
02/15/064

Date Expires:
02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:
UM00012841CR06A

Agent:
Marsh USA Inc.
Seattle, WA

To the  XL Insurance Company
At the time of loss, by the above indicated policy of insurance, you insured -
The Boeing Company
against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements,
transfers, and assignments attached hereto.

**TIME AND
ORIGIN**

A  transit                    Loss occurred about the hour of _____ o'clock _____ m., on
the  13th          day of  June          200 6 , the cause and origin of the said loss were:
Jet engines damaged in transit.

**TITLE AND
INTEREST**

At the time of the loss, the interest of your insured in the property described herein was  owner.
No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**

Since the said policy was issued, there has been no assignment thereof, or change or interest, use,
occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL
INSURANCE**

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss
$100,000,000          as more particularly specified in the apportionment attached, besides which there was no
policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**

THE ACTUAL CASH VALUE of said property at the time of loss was          $

**LOSS**

THE WHOLE LOSS AND DAMAGE was          $5,750,000

**AMOUNT**

THE AMOUNT CLAIMED under the above numbered policy is          $575,000 (10%)

**STATEMENTS**

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant;
nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of
the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were
destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no
attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other
information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance
company is not a waiver of any of its rights.

State of          Illinois
County of          Cook

_____
Insured

Subscribed and sworn before me this          8          Day of          August          200 7

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000173

Amount of Policy at Time of Loss:

$4,000,000

Date Issued:

02/15/064

Date Expires:

02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:

314-1-06MAR

Agent:

Marsh USA Inc.

Seattle, WA

To the   ASTRO (Baloise Insurance Company)

At the time of loss, by the above indicated policy of insurance, you insured –

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**   A   transit                              Loss occurred about the hour of _____ o'clock _____ m., on the   13th                day of   June                200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**   At the time of the loss, the interest of your insured in the property described herein was   owner.
No other person or persons had any interest therein or encumbrance thereon, except:   n/a.

**CHANGES**   Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except   n/a.

**TOTAL INSURANCE**   THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000            as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**   THE ACTUAL CASH VALUE of said property at the time of loss was            $ _____

**LOSS**   THE WHOLE LOSS AND DAMAGE was            $5,750,000

**AMOUNT**   THE AMOUNT CLAIMED under the above numbered policy is            $230,000 (4%)

**STATEMENTS**   The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of   Illinois

County of   Cook

Insured

Subscribed and sworn before me this   8th   Day of   August   200 7

Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000174

Amount of Policy at Time of Loss:

$10,000,000

Date Issued:

02/15/064

Date Expires:

02/15/07

**SWORN STATEMENT**
**IN**
**PROOF OF LOSS**

Policy Number:

314-1-06MAR

Agent:

Marsh USA Inc.

Seattle, WA

To the  ASTRO (Zurich Insurance Company)

At the time of loss, by the above indicated policy of insurance, you insured –

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**
A  transit                    Loss occurred about the hour of _____ o'clock _____ m., on the  13th          day of  June          200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**
At the time of the loss, the interest of your insured in the property described herein was  owner.
No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**
Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**
THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss  $100,000,000        as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**
THE ACTUAL CASH VALUE of said property at the time of loss was        $ _____

**LOSS**
THE WHOLE LOSS AND DAMAGE was        $5,750,000

**AMOUNT**
THE AMOUNT CLAIMED under the above numbered policy is        $575,000 (10%)

**STATEMENTS**
The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of      Illinois

County of    Cook

_____
Insured

Subscribed and sworn before me this    8th    Day of    August    200  7

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000175

Amount of Policy at Time of Loss:
$2,000,000

Date Issued:
02/15/064

Date Expires:
02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:
OC96079200

Agent:
Marsh USA Inc.
Seattle, WA

To the  Fireman's Fund Insurance Company
At the time of loss, by the above indicated policy of insurance, you insured -
The Boeing Company
against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**

A  transit _____ Loss occurred about the hour of _____ o'clock _____ m., on the  13th _____ day of  June _____ 200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**

At the time of the loss, the interest of your insured in the property described herein was  owner.
No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**

Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000 _____ as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**

THE ACTUAL CASH VALUE of said property at the time of loss was  $ _____

**LOSS**

THE WHOLE LOSS AND DAMAGE was  $5,750,000

**AMOUNT**

THE AMOUNT CLAIMED under the above numbered policy is  $115,000 (2%)

**STATEMENTS**

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of  Illinois
County of  Cook

_____
Insured

Subscribed and sworn before me this _____ 8th _____ Day of _____ August _____ 200 7

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000176

Amount of Policy at Time of Loss:

$1,000,000

Date Issued:

02/15/064

Date Expires:

02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:

OMC5389697

Agent:

Marsh USA Inc.

Seattle, WA

To the  Great American Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured -

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

| | |
|---|---|
| **TIME AND ORIGIN** | A   transit _____ Loss occurred about the hour of _____ o'clock _____ m., on the   13th _____ day of   June _____ 200 6 , the cause and origin of the said loss were: Jet engines damaged in transit. |
| **TITLE AND INTEREST** | At the time of the loss, the interest of your insured in the property described herein was   owner. No other person or persons had any interest therein or encumbrance thereon, except:   n/a. |
| **CHANGES** | Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except   n/a. |
| **TOTAL INSURANCE** | THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000 _____ as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid. |
| **VALUE** | THE ACTUAL CASH VALUE of said property at the time of loss was $ _____ |
| **LOSS** | THE WHOLE LOSS AND DAMAGE was    $5,750,000 |
| **AMOUNT** | THE AMOUNT CLAIMED under the above numbered policy is    $57,500 (1%) |
| **STATEMENTS** | The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof. <br><br> The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights. |

State of    Illinois

County of    Cook

_____
Insured

Subscribed and sworn before me this _____ 8½ _____ Day of   August _____ 200  7

_____
Notary Public

**OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010**

Amount of Policy at Time of Loss:

$1,000,000

Date Issued:

02/15/064

Date Expires:

02/15/07

**SWORN STATEMENT**
**IN**
**PROOF OF LOSS**

Policy Number:

83CTPAJ7978

Agent:

Marsh USA Inc.

Seattle, WA

To the  Hartford Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured -

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**    A  transit                       Loss occurred about the hour of _____ o'clock ____ m., on the  13th           day of  June           200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**    At the time of the loss, the interest of your insured in the property described herein was  owner.

No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**    Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**    THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000         as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**    THE ACTUAL CASH VALUE of said property at the time of loss was          $ _____

**LOSS**    THE WHOLE LOSS AND DAMAGE was                                    $5,750,000

**AMOUNT**    THE AMOUNT CLAIMED under the above numbered policy is          $57,500 (1%)

**STATEMENTS**    The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of        Illinois

County of     Cook

_____
Insured

Subscribed and sworn before me this _____ Day of  August       200 7

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000178

Amount of Policy at Time of Loss:
$28,500,000

Date Issued:
02/15/064

Date Expires:
02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:
JC487006

Agent:
Marsh USA Inc.

Seattle, WA

To the  Interested Underwriters at Lloyd's and other London Companies

At the time of loss, by the above indicated policy of insurance, you insured -
The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**

A   transit                              Loss occurred about the hour of _____ o'clock ____ m., on the   13th            day of   June            200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**

At the time of the loss, the interest of your insured in the property described herein was    owner.
No other person or persons had any interest therein or encumbrance thereon, except:    n/a.

**CHANGES**

Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except    n/a.

**TOTAL INSURANCE**

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000          as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**

THE ACTUAL CASH VALUE of said property at the time of loss was          $ _____

**LOSS**

THE WHOLE LOSS AND DAMAGE was          $5,750,000

**AMOUNT**

THE AMOUNT CLAIMED under the above numbered policy is          $1,638,750 (28.5%)

**STATEMENTS**

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of          Illinois

County of          Cook

Insured

Subscribed and sworn before me this          8m          Day of          August          200 7

Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000179

Amount of Policy at Time of Loss:
$5,000,000

Date Issued:
02/15/064

Date Expires:
02/15/07

**SWORN STATEMENT
IN
PROOF OF LOSS**

Policy Number:
OCMM001130

Agent:
Marsh USA Inc.
Seattle, WA

To the  Mitsui Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured –
The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**

A   transit                    Loss occurred about the hour of _____ o'clock _____ m., on the  13th           day of   June            200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**

At the time of the loss, the interest of your insured in the property described herein was   owner.
No other person or persons had any interest therein or encumbrance thereon, except:   n/a.

**CHANGES**

Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except   n/a.

**TOTAL INSURANCE**

THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000          as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**

THE ACTUAL CASH VALUE of said property at the time of loss was          $

**LOSS**

THE WHOLE LOSS AND DAMAGE was                    $5,750,000

**AMOUNT**

THE AMOUNT CLAIMED under the above numbered policy is          $287,500 (5%)

**STATEMENTS**

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of       Illinois

County of      Cook

                                                                    Insured

Subscribed and sworn before me this _____ 8th _____ Day of  August  200  7

                                                                    Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

| Amount of Policy at Time of Loss: | | Policy Number: |
| $2,500,000 | **SWORN STATEMENT** | CAR300008 |
| Date Issued: | **IN** | |
| 02/15/064 | **PROOF OF LOSS** | Agent: |
| Date Expires: | | Marsh USA Inc. |
| 02/15/07 | | Seattle, WA |

To the  RLI Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured -

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**  A  transit                    Loss occurred about the hour of _____ o'clock _____ m., on the  13th           day of  June              200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**  At the time of the loss, the interest of your insured in the property described herein was  owner. No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**  Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**  THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000         as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**  THE ACTUAL CASH VALUE of said property at the time of loss was          $

**LOSS**  THE WHOLE LOSS AND DAMAGE was                              $5,750,000

**AMOUNT**  THE AMOUNT CLAIMED under the above numbered policy is       $143,750 (2.5%)

**STATEMENTS**  The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of   Illinois

County of   Cook

_____
Insured

Subscribed and sworn before me this ____8th____ Day of ___August___ 200 7

__Monica Coffey__
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000181

| | |
|---|---|
| Amount of Policy at Time of Loss:<br>$30,000,000<br>Date Issued:<br>02/15/064<br>Date Expires:<br>02/15/07 | Policy Number:<br>JC487006<br><br>Agent:<br>Marsh USA Inc.<br>Seattle, WA |

**SWORN STATEMENT**
**IN**
**PROOF OF LOSS**

To the  Royal Sun Alliance Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured –

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**
A  transit                         Loss occurred about the hour of _____ o'clock _____ m., on the 13th _____ day of  June _____ 200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**
At the time of the loss, the interest of your insured in the property described herein was  owner.
No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**
Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possession, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**
THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000          as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**
THE ACTUAL CASH VALUE of said property at the time of loss was          $ _____

**LOSS**
THE WHOLE LOSS AND DAMAGE was          $5,750,000

**AMOUNT**
THE AMOUNT CLAIMED under the above numbered policy is          $1,725,000 (30%)

**STATEMENTS**
The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of          Illinois
County of          Cook

_____
Insured

Subscribed and sworn before me this _____ 8th _____ Day of  August 200 7

_____
Monica Coffey
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000182

Amount of Policy at Time of Loss:
$1,000,000

Date Issued:
02/15/064

Date Expires:
02/15/07

**SWORN STATEMENT**
**IN**
**PROOF OF LOSS**

Policy Number:
OC01200749

Agent:
Marsh USA Inc.

Seattle, WA

To the  St. Paul Travelers Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured -
The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

**TIME AND ORIGIN**  A  transit                    Loss occurred about the hour of _____ o'clock ____ m., on the  13th _____ day of  June _____ 200 6 , the cause and origin of the said loss were: Jet engines damaged in transit.

**TITLE AND INTEREST**  At the time of the loss, the interest of your insured in the property described herein was  owner.
No other person or persons had any interest therein or encumbrance thereon, except:  n/a.

**CHANGES**  Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except  n/a.

**TOTAL INSURANCE**  THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000 _____ as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**VALUE**  THE ACTUAL CASH VALUE of said property at the time of loss was    $ _____

**LOSS**  THE WHOLE LOSS AND DAMAGE was    $5,750,000

**AMOUNT**  THE AMOUNT CLAIMED under the above numbered policy is    $57,500 (1%)

**STATEMENTS**  The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of    Illinois
County of    Cook

_____
Insured

Subscribed and sworn before me this _____ 8th _____ Day of  August 200 7

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000183

Amount of Policy at Time of Loss:

$5,000,000

Date Issued:

02/15/064

Date Expires:

02/15/07

**SWORN STATEMENT**
**IN**
**PROOF OF LOSS**

Policy Number:

T060010666

Agent:

Marsh USA Inc.

Seattle, WA

To the  Tokio Marine Insurance Company

At the time of loss, by the above indicated policy of insurance, you insured -

The Boeing Company

against loss to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers, and assignments attached hereto.

| | |
|---|---|
| **TIME AND ORIGIN** | A  transit               Loss occurred about the hour of _____ o'clock _____ m., on the  13th          day of  June                 200 6 , the cause and origin of the said loss were: Jet engines damaged in transit. |
| **TITLE AND INTEREST** | At the time of the loss, the interest of your insured in the property described herein was  owner. No other person or persons had any interest therein or encumbrance thereon, except:      n/a. |
| **CHANGES** | Since the said policy was issued, there has been no assignment thereof, or change or interest, use, occupancy, possessions, location, or exposure of the property described except   n/a. |
| **TOTAL INSURANCE** | THE TOTAL AMOUNT OF INSURANCE upon the property described by this policy was, at the time of loss $100,000,000        as more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid. |
| **VALUE** | THE ACTUAL CASH VALUE of said property at the time of loss was          $ |
| **LOSS** | THE WHOLE LOSS AND DAMAGE was                                  $5,750,000 |
| **AMOUNT** | THE AMOUNT CLAIMED under the above numbered policy is          $287,500 (5%) |
| **STATEMENTS** | The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made.  Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of its proofs by a representative of the above insurance company is not a waiver of any of its rights. |

State of          Illinois

County of          Cook

_____
Insured

Subscribed and sworn before me this _____ 8th _____ Day of _____ August _____ 200 _7_

_____
Notary Public

OFFICIAL SEAL
MONICA COFFEY
Notary Public - State of Illinois
My Commission Expires May 1, 2010

TMC Company File
000184

# *ENCLOSURE #3*

## *Engine Salvage Report –*
## *Charles Taylor Aviation*

TMC Company File
000185

Charles Taylor
aviation

McLarens Young International
Attn: Tim Owen, CPCU - via email: tim.owen@mclarensyoung.com
19324 40th Ave. W, Suite C
Lynnwood, WA 98036

July 27, 2007

Your Ref: 03.002279.00

Dear Tim,

| Our Ref | : | M7090 |
|---|---|---|
| Assured | : | Boeing Aircraft Company |
| Aircraft | : | CFM56-7B engines, MSNs: 892-976 & 892-978 |
| Incident | : | Engines damaged in transit – 13 June 2006 – Interstate 74 in Illinois |

## ENGINE VALUE EVALUTION REPORT

**References**
1. CTa Engine Survey Report dated July 25, 2007

**Introduction**

Following our referenced Engine Survey Report, CTa was instructed by McLarens Young International to provide an opinion of the value of the 2 subject engines in their current un-repaired condition. A discussion of the influencing factors and opinions now follows.

**Value Evaluation**

Currently and for some time in the foreseeable future the CFM56-7B engine is in very high demand. The engine is used on Boeing's 737 Next Generation (-700,-800 & -900) aircraft, which has a significant production order backlog and is used throughout the world by major airlines as well as on the Boeing Business Jets (BBJ).

The cost for a new CFM56-7B engine is $7,100,000 and we were advised that a $300,000 'airline' discount is provided to Boeing. Using the budgetary repair estimates provided in our Engine Survey Report the logical estimated value of the engines would be as follows:

Formerly known as CTC Services Aviation (LAD Inc)

3000 SW 148th Avenue, Suite 303
Miramar, FL 33027-4169 U.S.A.
Tel      (954) 447 9870
Fax     (954) 447 9875
www.charlestayloradj.com
A trading name of LAD (Aviation) Inc. FEIN 75-2955191

A Charles Taylor Consulting company

TMC Company File
000186

M7090, Boeing, DOL 13 Jun 06
Engine Value Evaluation Report, 27 Jul 07

Page 2 of 2

1. ESN 892-976 new value of $6.8 million less an estimated repair cost of $613,950 has an estimated value of $6,186,050 remaining.
2. ESN 892-978 new value of $6.8 million less the $1,123,358 has an estimated value of $5,676,642 remaining.

These would be the logical 'hard' values, however taking into consideration the risk of further damages being found during actual repairs, the loss of value in that the engines were involved in an accident and that they are now repaired in lieu of being new.

Though the engines can be repaired economically to a like new condition with only test cell times on them, they will be considered repaired engines. However, the engine components and parts having virtually no operating usage enhance the value of the repaired engines compared to engines with time on them fresh out of overhaul.

Our research did not indicate any FAA regulation requirement for GE to stigmatize the engines as having been involved in an accident. We note that GE's recommended return to service workscope referenced in our Engine Survey Report states the inspection is not warranted. This disclaimer to hold GE harmless refers further hidden damages that may not be found from the GE workscope inspection as the depth of the workscope is limited. Upon completion of the engine repairs the engines will be documented as airworthy and serviceable by the repair facility. However, the shop warranty would be limited and this will have a significant affect on its perceived value.

The individual engine parts, except those with damage, could be worth more than the engine value, but again it may be the parts are required to be identified as have coming from an accident engine and adversely affect their market value.

CTa's limited market inquiries to aircraft/engine leasing companies, GA Telesis in particular, indicate the engines might be worth $4 to $5 million in the market in the as is condition.

There may be other perspectives to consider in estimating a reasonable value for the subject engines un-repaired, however, taking into account the above, especially the strong market conditions the value range for ESN 892-976 is between $4 to $5 million and for ESN 892-978 is between $3.5 to $4.5 million.

Yours sincerely,

Ronn McCaw
Surveyor & Adjuster - Aviation