LAW OFFICES

## BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

KENT M. FORNEY
MICHAEL H. FIGENSHAW
EDWARD E. JOHNSON
WILLIAM F. FANTER
DAVID J. W. PROCTOR
JAMES M. HOLCOMB
DENNY M. DENNIS
DONALD F. NEIMAN
MARK L. TRIPP
DAVID L. JENKINS
STEVEN M. AUGSPURGER
GREGORY A. WITKE
D. BRIAN SCIESZINSKI
GREGORY L. KENYON
KELLY L. MCCARTY
KARL T. OLSON
MICHAEL L. MOCK
JEFFREY D. GOETZ
IRIS J. POST
GORDON R. FISCHER
ANN C. SPELLMAN

SEAN M. O'BRIEN
TODD A. STROTHER
PATRICK D. SMITH
JASON T. MADDEN
LORI A. BRANDAU
MATTHEW J. HAINDFIELD
DAVID N. MAY
JASON C. PALMER
SCOTT WORMSLEY
JANICE M. THOMAS
LORI E. COLE MAGERKO
MEGAN M. ALTHOFF WOLFE
ANDREW C. JOHNSON
ANNE R. COOK
THOMAS M. BOES
JULIE A. BUENZOW
TIMOTHY N. LILLWITZ
MELINDA G. YOUNG
BRADLEY M. BEAMAN
AMY R. TEAS
JOHN F. HODGES

801 GRAND AVENUE, SUITE 3700

DES MOINES, IOWA 50309-8004

TELEPHONE (515) 243-4191

FAX (515) 246-5808

WEB www.bradshawlaw.com

WRITER'S DIRECT DIAL NUMBER

### (515) 246-5848

WRITER'S E-MAIL ADDRESS

dennis.denny@bradshawlaw.com

CHARLES S. BRADSHAW
1871-1953

REX H. FOWLER
1893-1972

W. Z. PROCTOR
1902-1995

D. J. FAIRGRAVE
1906-1990

OF COUNSEL

JOHN C. CORTESIO, JR.
J. EDWARD POWER
LARRY D. SPAULDING
CYNTHIA A. HURLEY

January 24, 2008

Mr. David T. Maloof                                                    VIA E-MAIL
Maloof Browne & Eagan, LLC
411 Theodore Fremd Avenue, Suite 190
Rye, NY 10580

     Re:    *Underwriters, et al. v. TMC*

Dear Mr. Maloof:

     We have concluded preliminary legal research and fact investigation into this matter. Based upon our findings and conclusions to date, it is our belief and our position that the contract provisions limiting TMC's liability to a release value of not more than $2.50 per pound is valid and enforceable. It is our client's understanding that the total weight of the cargo in question was approximately 20,000 pounds. Therefore, in order to reach a prompt and complete resolution of this matter, TMC would be willing to pay the sum of $50,000.00 in exchange for a release from Boeing, its insurance carriers, and any other parties of interest associated with the interests of Boeing.

     The settlement proposal as above set forth is an offer to compromise and, as such, is not admissible in evidence nor may it be used for any other purpose in any arbitration proceeding, nor in any court proceeding (pursuant to Rule 408, Federal Rules of Evidence), or pursuant to the applicable rules of evidence or civil procedure of any other jurisdiction or forum in which an action may be brought concerning this matter.

     If the above offer of settlement is not acceptable to your clients, there is no reason to believe that a formal mediation of this matter would have any likelihood of resulting in a settlement, so as to justify the cost and expense involved. We are, however, willing to continue direct discussions with you (see Paragraph 21 of the Contract), and would consider any additional factual information you wish to provide and would also consider any legal precedent which you believe is supportive of your position in this case. Depending upon the substance of any additional information and/or legal authority, we may reconsider our position on formal mediation which is set forth in the following

EXHIBIT
I

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

Mr. David T. Maloof
January 24, 2008
Page 2

paragraph of this letter. As stated, however, if you have nothing further to provide to us for review and consideration, a formal mediation would be a waste of time and money. Based upon our current analysis of the facts and underlying legal authorities, our client is not willing to offer any more than the above-stated amount.

Notwithstanding the above comments, if your client absolutely insists on conducting a mediation under the currently-existing circumstances, we would be willing to participate in a mediation by telephone conference call, if your client is willing to pay the costs of the mediator and any associated costs and charges of the American Arbitration Association. In such an event, we would require that a duly-authorized representative of Boeing participate. Since TMC has defenses to the claims asserted by your client arising out of the contract negotiation and formation, Boeing's participation will be necessary in connection with whatever proceedings emanate from this point forward. To that end, we will serve a Demand for Mediation on Boeing if your client insists on holding a mediation. Likewise, should this matter proceed to an arbitration, we intend to bring Boeing in as a necessary party.

Finally, as we have previously advised, we understand that the contract imposes an obligation upon a party to participate in mediation as a prerequisite to initiating arbitration proceedings, if the opposing party so desires. In this regard, if we cannot resolve and settle this matter through direct discussions, we are willing to waive that mediation requirement as a prerequisite to your initiating arbitration proceedings pursuant to the contract. Once again, if you do choose to pursue any formal proceedings, whether it be mediation, arbitration, or otherwise, Boeing will be promptly made a party in order to fully protect TMC's rights.

Subject to the foregoing, we have notified the American Arbitration Association that we are not available to participate in any form of mediation on the following dates in March, to-wit: March 3; 10; 14; 17-19; 24; 28-31.

If you have any further questions or comments regarding the above, please feel free to contact us.

Very truly yours,

Denny M. Dennis

DMD/lca

cc:    Mr. Glen McCravy