UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD.,<br><br>Defendants. | CASE NO.:  08 C 1106 (JHL) (NRN)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER THIS ACTION TO THE WESTERN DISTRICT OF WASHINGTON** |

Defendants, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui Sumitomo Insurance Company of America, Tokio Marine & Nichido Fire Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company,

The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Defendants"), do hereby submit this Reply In Support of their Motion to Transfer this action to the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

Defendants have met their burden on this motion of proving that the Western District of Washington is clearly the more convenient and appropriate forum for this litigation. Despite a lot of puffing and filler by Plaintiffs in their Resistance, there is no real substance to their rebuttal. First, Defendants <u>did</u> assert that this action could have been brought in Washington, and Defendants rightly focused on that Court's jurisdiction over the expected suit and <u>not</u> this anticipatory declaratory judgment action. Second, the flurry of witnesses Plaintiffs throw at the Court is a ruse: only one of them will likely be able to offer any worthwhile testimony, and he is not even located in Illinois. Finally, Plaintffs' insistence that only federal law will control this case is tired; a contractual choice-of-law provision in favor of Washington law will likely apply to determine Plaintiff Annett Holdings, Inc. d/b/a TMC Transportation, Inc.'s ("TMC") liability, and thus a judge sitting in Washington can more ably navigate the intricacies of that state's law and public policy. In sum, Defendants' Motion must be granted.

## ARGUMENT

### I

### PLAINTIFFS' ACTION COULD HAVE BEEN BROUGHT IN THE WESTERN DISTRICT OF WASHINGTON

Plaintiffs' primary contention in opposition to the present motion appears to be that each Defendants' amenability to suit in the Western District of Washington was not recited for the Court. Plaintiffs' argument fails for several reasons.

First, well before the present action was filed, counsel for Defendants proposed to consent to personal jurisdiction in Washington federal court. (Declaration of Todd A. Barton ("Barton Decl."), Exh. B). As everywhere, the Ninth Circuit has held that such consent constitutes a binding waiver of any *in personam* jurisdictional objections. *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("[T]he district court has no power to render any judgment against the defendant's person or property *unless the defendant has consented to jurisdiction . . . .*") (emphasis added)). This proposal was never pursued by Plaintiffs.

Second, Plaintiffs mistakenly assume that because not every Defendant is incorporated or licensed to do business in Washington that State's federal courts will not have personal jurisdiction over all Defendants. General jurisdiction, however, is not the only means by which a court may obtain *in personam* jurisdiction over an out-of-state or foreign Defendant. *See Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986) (relying on a lack of authorization or license to do business in California to decline to find general jurisdiction). Of course, the Ninth Circuit recognizes specific jurisdiction: "If the defendant's activities are not so pervasive to subject him to general jurisdiction, then a court may still assert jurisdiction for a cause of action which arises out of the defendant's forum-related activities." *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986). The Western District of Washington undoubtedly would have specific jurisdiction over Defendants as the primary insurers for one of the United States' largest manufacturing companies, Boeing—who maintains a principal aircraft manufacturing location in that state—and who agreed to insure each year tens of millions of dollars in cargo being transported there, and nearly six million dollars worth of cargo destined for Washington in this case alone. (Barton Decl., Exh. C). Therefore, each Defendant insurance company

"purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum state. . . ." *Hirsch*, 800 F.2d at 1479 (holding that an out-of-state insurance company not authorized or licensed to do business or otherwise conducting business in California was subject to personal jurisdiction there because it agreed to insure a resident of that state); *Haisten*, 784 F.2d at 1397 (upholding personal jurisdiction over out-of-state insurer that purposefully directed its activities towards California residents).

Finally, Plaintiffs are dead wrong that the jurisdictional inquiry in this case would be judged from their perspective as nominal plaintiffs. In declaratory judgment actions, the "court must proceed with the knowledge that 'in many actions for declaratory judgment the realistic position of the parties is reversed.'" *Debartolo v. Healthsouth Corp.*, 2006 WL 2989290, at *6 (N.D. Ill. 2006) (quoting *Crown Cork & Seal Co. v. Penn. Human Relations Comm'n*, 463 F.Supp. 120, 124 (E.D. Pa. 1979) and *Public Service Comm'n of Utah v. Wycof Co.*, 344 U.S. 237, 248 (1952)). Therefore, at least in the context of subject matter jurisdiction, "[w]henever a plaintiff in a declaratory judgment action seeks to prevent an expected suit by the defendant, 'the jurisdiction of the district court depends on whether the court would have jurisdiction over that [expected] suit.'" *Id.* (quoting *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 548 (7th Cir. 2003)). In the present case, the Defendants to this declaratory judgment action are the "true plaintiffs." Therefore, the court's jurisdiction over the nominal plaintiffs in this case is the proper inquiry, *not* as Plaintiffs herein suggest.

## II

**TRANSFER OF THIS ACTION IS APPROPRIATE FOR THE CONVENIENCE OF THE PARTIES, WITNESSES AND IN THE INTERESTS OF JUSTICE**

Defendants have met their burden of proving that this action is more appropriate in the Western District of Washington for the convenience of the parties, the witnesses and in the

4

interests of justice. Plaintiffs fail to offer any compelling reason to keep this litigation in the Northern District of Illinois.

A. **Plaintiffs' Choice of Forum Is Immaterial Because Defendants Are The True Injured Plaintiffs Seeking Redress For Their Damages Who Deserve To Have Their Choice Of Forum Honored**

As already stated in Defendants' affirmative motion, when plaintiffs do not sue in their home forum, their choice should be accorded less weight. *See In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951, 956 (7th Cir. 2007); *First National Bank v. El Camino Resources, Ltd.*, 447 F.Supp.2d 902, 912 (N.D. Ill. 2006). In rebuttal, Plaintiffs apparently can only muster an Illinois state court decision applying the peculiarly state-law principles of *forum non conveniens*. *See Dawdy v. Union Pacific R.R. Co.*, 797 N.E.2d 687, 702 (Ill. 2003). This is simply inapplicable authority in a federal § 1404(a) motion.

Even more fundamental, however, is that Plaintiffs are not the true plaintiffs in this case. As discussed above, in a declaratory judgment action such as this, the traditional roles of plaintiff and defendant are reversed, <u>and so too must be the privileges they accord</u>. *See Debartolo*, 2006 WL 2989290, at *6. Accordingly, "Plaintiffs'" choice of forum in this case is accorded no weight at all because they are only nominally plaintiffs, and the instant action was merely an anticipatory suit brought to stake a claim to a forum with more favorable law.[1]

B. **The Location Of The Bulk Of The Material Events In This Case Took Place In Washington**

Plaintiffs make the preposterous claim that Defendants fail to assert that *any* material events took place in Washington. In fact, Washington is the base of Boeing's Commercial Airplanes Division and the damaged jet engines in this matter were en route to

---

[1] Defendants have detailed Plaintiffs' bad faith and use of the declaratory judgment action as a forum shopping tool in its Motion to Dismiss.

5

Tukwila, Washington. It is those persons there who will possess virtually all of the information as to why the engines were damaged, whether they were useable as such and had salvage value, which resulted in the ultimate loss of $5,750,000.00. Certainly the destination of the damaged cargo and the domicile of the insured weighs heavily in favor of transfer as against the mere unfortuitous situs of the accident in Illinois.

C.  **The Primary Sourced Of Proof In This Case Are Most Easily Accessible In Washington**

As Defendants have articulated at length in their initial motion, virtually this entire case will revolve around documents and witnesses located in and around Washington:

- Most of Boeing's documents regarding, *inter alia*, damages applicable to this loss are obviously located in the offices of Boeing's Commercial Airplane Division in Washington (*See* Declaration of Timothy Owen, ¶ 5; Declaration of Elizabeth Rosenfeld, ¶ 3);

- Boeing's custodial witnesses of these documents would be located in Washington as well;

- The Boeing representative, Mr. Mike Judkins, who conducted an inspection of the damaged jet engines is located in and around Seattle, Washington (Owen Decl., ¶ 5);

- It is public knowledge that the Boeing 737—the airplane for which the subject jet engines were intended—is manufactured in Tukwila, Washington. Therefore, all Boeing witnesses with knowledge of the value of these engines and the utility of a damaged engine would be located in the State of Washington;

- The insurance adjustor of this claim is located in Lynnwood, Washington (Owen Decl., ¶ 4);

- Both of the truck drivers who were in the Yellowstone truck's cab during the subject accident live in Oregon City, Oregon, which the Court can take judicial notice is much closer to Washington than Illinois;

- One of Defendants' two damages witnesses, Cosentino Consulting—who is both a fact and an expert witness—is headquartered in Northern California, much closer to Washington; and

- A significant portion of the case as to Plaintiff TMC (the party subject to the Boeing-TMC Contract) will be contractually subject to and will turn upon Washington state law

6

and its interpretation of what is and is not gross-negligence, which a Washington federal judge will likely be more familiar with.

In fact, the only evidence or witness Defendants assert is located in Illinois is Officer Underwood, who arrived on the scene of the accident after the fact, performed no meaningful interview or investigation because there were no personal injuries, and thus whatever documentation he has is essentially meaningless for transfer purposes.

D.　**Washington Is Clearly The Most Convenient Forum For The Parties**

In their bid for an Illinois forum, Plaintiffs essentially claim that Illinois is closer to Iowa, Plaintiffs' home state. Translation: Plaintiffs' Iowa counsel will not have to spend as much money in travel costs if this case is kept in Illinois than if it is moved to Washington. Plaintiffs' concede as much in their resistance. (Plaintiffs' Resistance, pp. 8-9). However, "the convenience of counsel is not a factor relevant to a Section 1404(a) determination." *Binz v. Iowa Interstate Railroad, Ltd.*, 1999 WL 90642, at *3 (N.D. Ill. 1999) (quoting *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 621 F.Supp. 780, 782 (N.D. Ill.1985) and *Blake Construction Co. v. International Harvester Co.,* 521 F.Supp. 1268 (N.D. Ill.1981)). Only if counsel's travel has a substantial impact on the cost of litigation does this even become a consideration. *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D. Ill. 1979). In this case, both Plaintiffs and Defendants have local counsel. Moreover, if anyone would have an objection to convenience of counsel it would be Defendants' lead attorneys located in New York!

E.　**Washington Is The More Convenient Forum For The Witnesses**

Plaintiffs attempt to eliminate from the Court's consideration on this motion the plethora of witnesses offered by Defendants located in and around Washington, namely

7

Defendants' insurance adjuster and all Boeing employees including custodial witnesses and an inspection attendee. They accomplish this feat with a loose reading of their primary support for their proposition. In *Royal Ins. Co. of America v. U.S.*, 998 F.Supp. 351 (S.D.N.Y. 1998), the Court simply ruled that witnesses under the control of parties were not relevant to an inquiry into the Court's ability to <u>compel testimony</u>, a separate prong of the § 1404(a) inquiry. *Id.* at 354. The Court did <u>not</u> rule—as Plaintiffs suggest—that such witnesses are not germane to a "convenience of the witnesses" inquiry. *Id.* In fact, the Court in *Royal Ins. Co.* considered as relevant to the "convenience of the witnesses" the respective locations of (1) two witnesses to the event in question, (2) the purportedly negligent guardsman, (3) plaintiff's surveyor, (4) plaintiff's expert witness and (5) plaintiff's insurance adjuster. *Id.* Thus, Plaintiffs' own case law supports transfer to Washington because that forum is far more convenient for the Defendants' insurance adjuster located in Washington, the two truck drivers in Oregon City, Oregon, all Boeing witnesses located in Washington, and Defendants' damages witness (and expert) located in Northern California. *See also FUL Inc. v. Unified School Dist. No. 204*, 839 F.Supp. 1307, 1311-12 (N.D. Ill. 1993) (considering ability to compel testimony under a general "interests of justice" inquiry).[2] With respect to the Boeing witnesses, Plaintiffs would have the Court believe that their respective locations are irrelevant to this motion: At the same time Plaintiffs insist that Boeing is not a party and thus the location of their witnesses has no bearing on this prong of the transfer inquiry, they simultaneously assert that because Boeing is, in effect, a party, the location of their witnesses has no bearing on the convenience of the witnesses inquiry. Plaintiffs cannot

---

[2] Plaintiffs suggestion that the two truck drivers in this case are irrelevant to a discussion of the convenience of the witnesses because they are employees and therefore subject to compulsory process is unavailing. The truck drivers were independent contractors who rented their rigs to Plaintiff Yellowstone. Thus, *Brandon Apparel Group, Inc. v. Quitman Mnfg. Co.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999), does not support this assertion.

8

have it both ways, and the presence of Boeing witnesses in Washington bears heavily on the relative convenience of that forum.

Furthermore, Plaintiffs only offer one potentially material witness, Todd Bunting, to anchor this action in Illinois, and even he is located outside of Illinois in Des Moines, Iowa. The rest of Plaintiffs' offered witnesses are comparatively immaterial or entirely unnecessary to this case. First, as noted above, Officer Underwood arrived on the scene of the accident after the fact, and therefore will be able to offer no insight as to the cause of the accident or the truck driver's standard of care. In addition, the witnesses to the Boeing-TMC Contract from both Boeing and Plaintiffs are most likely unnecessary. We previously stated only that they might be "required" by Plaintiffs. In fact, Defendants have now noted that the Boeing-TMC Contract is fully integrated and thus these witnesses likely should not be needed, as the contract will speak for itself. (Barton Decl., Exh. A).

**F.     Transfer To Washington Is In The Interests of Justice**

As Plaintiffs note, a consideration in the courts' "interest of justice" inquiry on a § 1404(a) motion is the judge's familiarity with applicable law. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). Despite Plaintiffs' insistence that only the Carmack Amendment is in play in this case, this federal law will apply to Plaintiff Yellowstone, a non-party to the Boeing-TMC Contract, while Washington state law should apply to Plaintiff TMC as a party to the Boeing-TMC Contract, which expressly designates Washington as its choice of law. (Barton Decl., Exh. A). Plaintiffs' assertion that the Carmack Amendment preempts such a state law choice of law clause is simply wrong. *See Corning, Inc. v. DHL Holdings, Inc.*, 2007 WL 3124690, at *3 (E.D. Ky. 2007). Thus, complete resolution of this matter will require a federal judge to apply Washington state law to determine whether Plaintiff TMC can limit its

liability in the face of grossly negligent conduct, a traditionally complex issue at the intersection of tort liability and contractual freedom.  *See Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923, 932 (W.D. Mo. 1985) (finding that court's ability to apply foreign law is relevant when that law is complex or unsettled).  Therefore, this factor weighs in favor of transfer to Washington, where the courts are more familiar with their state's applicable standards of care and the forum's public policy.

In sum, Defendants have satisfied their burden of proof that Washington is clearly a more convenient forum for this litigation.  Furthermore, Plaintiffs have failed to proffer any reason why this litigation should not be transferred; certainly one witness in Des Moines, Iowa cannot be the reason.  Finally, it is the true insurer plaintiffs (the nominal Defendants herein) whose choice of forum has to be accorded great weight, not the so-called "Plaintiffs" in this action who went dead-beat on a binding arbitration agreement to try to beat the true plaintiffs to the punch.

## CONCLUSION

The Court should grant Defendants' Motion to Transfer this action to the Western District of Washington.

Respectfully Submitted,

Dated: Rye, New York
April 30, 2008

MALOOF BROWNE & EAGAN, LLC

By: s/ Todd A. Barton
David T. Maloof, Esq.
Thomas M. Eagan, Esq.
Todd A. Barton, Esq.
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com

and

SCHOEN MANGAN & SMITH
Thomas P. Mangan, Esq.
200 W. Adams, Suite 1005
Chicago, IL 60606
Tel: (312) 726-5151
Fax: (312) 726-0884
*Email: tmangan@schoenmslaw.com*

*Attorneys for Defendants*