# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1106 | **DATE** | 4/30/2008 |
| **CASE TITLE** | Annett Holdings, Inc. v. Certain Underwriters at Lloyds and those Companies Severally Subscribing to Boeing Policy Number 509/JC487006, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to defer answer and discovery pending resolution of motion to transfer [#20] is denied. Those defendants whose time to file a responsive pleading to the amended complaint under Federal Rule of Civil Procedure 12(a)(1)(A)(i) has already expired are directed to answer or otherwise plead by May 7, 2008. All other defendants are directed to answer or otherwise plead within their time to do so under the Federal Rules or by May 7, 2008, whichever is later. Ruling date of 5/6/2008 is stricken.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs filed their original complaint for a declaratory judgment on February 22, 2008 and their amended complaint on March 11, 2008. Defendants moved to transfer the case to the Western District of Washington on March 20, 2008. At the motion hearing on March 27, 2008, the court entered a briefing schedule for the motion to transfer and set a ruling date of June 10, 2008. The court directed the defendants to file their responsive pleadings and instructed the parties to go ahead with discovery. On April 2, 2008, the defendants filed a new lawsuit in Washington, involving the same parties and issues that are involved in this case. They then filed the instant motion to defer answer and discovery pending resolution of the motion to transfer on April 17, 2008. Plaintiffs responded to the motion and defendants have filed a reply.

At the outset, the court notes that defendants apparently misunderstand the rules that govern the time to file a responsive pleading and stays of discovery. Defendants open their argument with the statement, "The normal time to file an answer following the filing of a Rule 12(b) motion to dismiss is ten (10) days after a ruling on the motion. It was stated at the recent court conference [on March 27, 2008] that an answer should be filed in this case much earlier than that, with no precise date specified." Mem. Supp. Mot. at 2 (citing Fed. R. Civ. P. 12(a)(4)). Defendants have not filed a motion to dismiss. Rule 12(a)(4) therefore does not apply. Instead, the default rule (Rule 12(a)(1)(A)(i)-(ii)) applies, which provides, "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must serve an answer: (i) within 20 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States." Defendants also refer to a purported agreement between themselves and plaintiffs whereby defendants would have an additional 30 days to answer or otherwise plead. Without approval by the court, however, this agreement lacks significance. Additionally, defendants state that "Of course, discovery would also be deferred until after any

**STATEMENT**

answer is filed as per usual Federal Procedure." On the contrary, the filing of motions to transfer or to dismiss does not automatically warrant a stay of discovery and courts do not routinely grant a stay without a showing of good cause. *See Syngenta Seeds, Inc*. v. *BTA Branded, Inc*., 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007).

Defendants also argue the merits of their motion to transfer in support of this motion to defer. Those arguments are not relevant to the question of whether there is good cause to stay discovery during the short time remaining until the court rules on the motion to transfer.

On the merits of this motion, defendants posit that the majority of the discovery materials and the witnesses in this case are located in Washington; the court that will ultimately preside over the case should resolve any potential discovery disputes that may arise; and they are "simply seek[ing] to relieve the courts and the parties from engaging in duplicative activities in two fora simultaneously." Reply at 8. These arguments are unpersuasive. No matter where the case goes forward, defendants will be required to send discovery materials to plaintiffs' counsel (who are located in Iowa) or to make those materials available for plaintiffs' counsel to inspect them in Washington. It is unlikely that any discovery materials will need to be sent to Illinois during the remaining time until June 10, 2008. The parties' negotiations over the location of any potential depositions will likely be the same no matter which court is presiding over the case. Moreover, for discovery requests such as interrogatories and requests for admission, it makes little difference where the case is pending. It is also unlikely that any discovery disputes will become ripe for presentation to the court between the date of this order and June 10, 2008. Finally, judicial efficiency is best served by the parties going forward with their discovery, since they will be required to do so in any event, instead of spending time on motions such as this one.