## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD.,<br><br>Defendants. | CASE NO.:  08 C 1106 (JHL) (NRN)<br><br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF WITH COUNTERCLAIMS AND JURY TRIAL DEMAND** |

Defendants, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui Sumitomo Insurance Company of America, Tokio Marine & Nichido Fire Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company,

The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Defendants"), by and through their attorneys, Schoen Mangan & Smith and Maloof Browne & Eagan LLC, as and for their Answer with Counterclaims to Plaintiffs' First Amended Complaint, state that they:

1.     Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint;

2.     Admit the allegations contained in Paragraph 2 of the Amended Complaint;

3.     Defendant RLI Insurance Company admits the allegations contained in Paragraph 3 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint;

4.     Defendant Great American Insurance Company admits the allegations contained in Paragraph 4 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint;

5.     Defendant Fireman's Fund Insurance Company admits the allegations contained in Paragraph 5 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint;

6.     Defendant Certain Underwriters at Lloyds and Those Companies Severally Subscribing to Boeing Policy Number 509/JC487006 admits the allegations contained in Paragraph 6 of the Amended Complaint.  All other Defendants state they are without knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint;

7.     Defendant Tokio Marine & Nichido Fire Insurance Company admits that it maintains an office in New York, New York and is licensed to and is doing business in Illinois, and except as so admitted, denies the allegations contained in Paragraph 7 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint;

8.     Defendant Royal & Sun Alliance Insurance PLC admits that it is a foreign insurance company, and except as so admitted, denies the allegations contained in Paragraph 8 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint;

9.     Defendant St. Paul Fire & Marine Insurance Company admits the allegations contained in Paragraph 9 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint;

10.     Defendant Mitsui Sumitomo Insurance Company of America admits the allegations contained in Paragraph 10 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint;

11.     Defendant XL Specialty Insurance Company admits that it is an insurance company incorporated in Delaware and is licensed to and is doing business in Illinois, and except

as so admitted, denies the balance of the allegations contained in Paragraph 11 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint;

12.     Defendant The Baloise Insurance Company, Ltd. admits that it entered into an insurance contract with Boeing referred to as Policy No. 314-1-06MAR, and except as so admitted, denies the balance of the allegations contained in Paragraph 12 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint;

13.     Defendant Hartford Fire Insurance Company admits the allegations contained in Paragraph 13 of the Amended Complaint.   All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint;

14.     Defendant Zurich Global Corporate, UK Ltd. admits that it entered into an insurance contract with Boeing referred to as Policy No. 314-1-06MAR, and except as so admitted, denies the allegations contained in Paragraph 14 of the Amended Complaint.  All other Defendants state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint;

15.     Admit that they each entered into contracts of insurance with The Boeing Company ("Boeing") and that said contracts covered percentages of the damages sustained by the jet engines that are the subject of this action, and except as so admitted, state that they are

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint;

16.     Defendants cannot admit or deny the allegations contained in Paragraph 16 as they call for a legal conclusion;

17.     Defendants cannot admit or deny the allegations contained in Paragraph 17 as they call for a legal conclusion;

18.     Admit that on February 1, 2006, a transportation contract ("Service Contract") between Boeing and Plaintiff Yellowstone Trucking, Inc. ("Yellowstone") became effective, and except as so admitted, deny the allegations contained in Paragraph 18 of the Amended Complaint;

19.     State that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint;

20.     Admit that the Service Contract included a provision stating that the "Liability of Service Provider for goods lost or damaged in transit shall be $2.50 per pound based on total weight of shipment," and except as so admitted, cannot admit or deny the allegations contained in Paragraph 20 of the Amended Complaint because they call for a legal conclusion;

21.     Admit that the Service Contract included a provision stating that "Boeing does not require Service Provider to carry all-risk, property, and physical damage coverage," and except as so admitted, state they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint;

22.     Admit on June 12, 2006, two receipts were issued for the transport of two jet engines, and that each receipt represented the total weight of each jet engine as 10,000 pounds, and that each receipt stated "release value not to exceed $2.50/lbs", and except as so admitted,

cannot admit or deny the allegations contained in Paragraph 22 of the Amended Complaint because they call for a legal conclusion;

23.     Admit that on June 13, 2006, the truck carrying the jet engines was involved in an accident in the State of Illinois that caused damage to said jet engines, and except as so admitted, deny the allegations contained in Paragraph 23 of the Amended Complaint;

24.     Admit the allegations contained in Paragraph 24 of the Amended Complaint;

25.     Admit that they timely made claim on Plaintiffs for recovery of the $5,750,000.00 paid to Boeing, and except as so admitted, deny the allegations contained in Paragraph 25 of the Amended Complaint;

26.     Admit the allegations contained in Paragraph 26 of the Amended Complaint;

27.     Admit Plaintiffs responded that their liability was limited to $2.50 per pound, and except as so admitted, deny the allegations contained in Paragraph 27 of the Amended Complaint;

28.     Admit that on November 13, 2007, they filed a Request for Mediation with the American Arbitration Association ("AAA") naming Plaintiff Annett Holdings, Inc. d/b/a TMC Transportation, Inc. ("Annett-TMC") as the "Responding Party", and except as so admitted, deny the allegations contained in Paragraph 28 of the Amended Complaint;

29.     Deny the allegations contained in Paragraph 29 of the Amended Complaint;

30.     Admit that they moved forward with the mediation process and threatened legal action to compel the mediation, and except as so admitted, deny the allegations contained in Paragraph 30 of the Amended Complaint;

31.     Admit that Plaintiffs have offered to settle this matter for $50,000.00, and except as so admitted, deny the allegations contained in Paragraph 31 of the Amended Complaint;

32.     State that they cannot admit or deny the allegations contained in subparts (a), (b), (c) or (d) of Paragraph 32 of the Amended Complaint because they call for legal conclusions;

33.     Admit that they informed Plaintiffs of their right to use legal process to compel mediation and arbitration pursuant to the Service Contract, and except as so admitted, deny the allegations contained in Paragraph 33 of the Amended Complaint;

34.     Admit the allegations contained in Paragraph 34 of the Amended Complaint;

### COUNT I OF THE AMENDED COMPLAINT

35.     Reiterate and reallege their responses above and below and further state:

36.     Deny the allegations, including those made in subparts (a) through (e), contained in Paragraph 36 of the Amended Complaint;

### AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37.     Plaintiffs fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38.     Plaintiffs' action is barred due to a prior action pending in another district.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

39.     This action is improperly placed in this district.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40.     This action is barred by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41.     This action is barred by the doctrine of laches.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42.     This action is barred by the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43.    This action is barred by the doctrine of equitable estoppel.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

44.    This action is barred by the doctrine of comity.

## COUNTERCLAIMS OF DEFENDANTS WITH JURY TRIAL DEMAND

45.    Defendant-Counterclaim Plaintiff Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006 were and are insurance companies organized and existing under and by virtue of the laws of various countries, and are insurers of the Shipment that is the subject of this action, as more fully described below. These companies are as follows:

|     | Company Name | State/Country of Incorporation | Principal Place of Business |
| --- | --- | --- | --- |
| (a) | Royal & Sun Alliance Insurance plc | United Kingdom | London, UK |
| (b) | CNA Insurance Company, Ltd. | Delaware | Chicago, IL |
| (c) | Swiss Re Frankona Reinsurance Ltd. | United Kingdom | London, UK |
| (d) | Tokio Marine Europe Insurace Ltd. | United Kingdom | London, UK |
| (e) | New Hampshire Insurance Co. | Pennsylvania | New York, NY |
| (f) | Federal Insurance Company | Indiana | Indianapolis, IN |
| (g) | Groupama Transport | France | Le Havre, France |

46.    Defendant-Counterclaim Plaintiff Royal & Sun Alliance Insurance plc was and is a foreign insurance company organized and existing and by virtue of the laws of the

United Kingdom, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

47.     Defendant-Counterclaim Plaintiff RLI Insurance Company was and is an insurance company organized and existing and by virtue of the laws of State of Illinois, with its principal place of business in Peoria, Illinois, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

48.     Defendant-Counterclaim Plaintiff St. Paul Fire & Marine Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

49.     Defendant-Counterclaim Plaintiff Great American Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

50.     Defendant-Counterclaim Plaintiff Mitsui Sumitomo Insurance Company of America was and is an insurance company organized and existing and by virtue of the laws of the State of New York, with its principal place of business in New York, New York, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

51.     Defendant-Counterclaim Plaintiff Tokio Marine & Nichido Fire Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of New York, with its principal place of business in New York, New York, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

52.    Defendant-Counterclaim Plaintiff XL Specialty Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Delaware with its principal place of business in Stamford, Connecticut, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

53.    Defendant-Counterclaim Plaintiff Fireman's Fund Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of California, with its principal place of business in Novato, California, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

54.    Defendant-Counterclaim Plaintiff The Baloise Insurance Company, Ltd. was and is a foreign insurance company organized and existing and by virtue of the laws of Switzerland, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

55.    Defendant-Counterclaim Plaintiff Hartford Fire Insurance Company was and is an insurance company organized and existing and by virtue of the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

56.    Defendant-Counterclaim Plaintiff Zurich Global Corporate, UK Ltd. was and is a foreign insurance company organized and existing and by virtue of the laws of the United Kingdom, and is an insurer of the Shipment that is the subject of this action, as more fully described below.

57.    Upon information and belief, Plaintiff-Counterclaim Defendant Yellowstone is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa, was and is doing business as a common carrier

of goods by road for hire, and was the delivering and/or receiving carrier of the Shipment that is the subject of this action.   Upon information and belief, Plaintiff-Counterclaim Defendant Yellowstone is managed and supervised by Defendant Annett-TMC, as both companies share the identical principal place of business, executives and/or corporate officers.  Plaintiff-Counterclaim Defendant Yellowstone does business in the State of Illinois and in this District as it runs trucking routes here and/or otherwise operates in the Northern District of Illinois.

58.    Upon information and belief, Plaintiff-Counterclaim Defendant Annett-TMC is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Des Moines, Iowa, was and is doing business as a common carrier of goods by road for hire, and was the delivering and/or receiving carrier and/or freight forwarder of the Shipment that is the subject of this action.  Defendant Annett-TMC does business in the State of Illinois and in this District as it runs trucking routes here and/or otherwise operates in the Northern District of Illinois.

## II. JURISDICTION AND VENUE

59.    This action arises under the Court's federal question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706), diversity jurisdiction (28 U.S.C. § 1332) and/or supplemental jurisdiction (28 U.S.C. § 1367) as hereinafter more fully appears.  The amount in controversy exceeds U.S. $75,000.00, exclusive of interest and costs.

60.    Venue is proper here within the meaning of 49 U.S.C. 14706(d)(1), as all Plaintiffs-Counterclaim Defendants run trucking routes and/or otherwise operate in the Northern District of Illinois, and/or 40 U.S.C. § 14706(d)(2).  Venue is also proper pursuant to 28 U.S.C. § 1391 because all Plaintiffs-Counterclaim Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c).

## III. FACTS CONCERNING THE SHIPMENT

61.    Effective February 1, 2006, Boeing entered into a "Full Truckload Transportation Contract" (hereinafter the "Boeing-TMC Contract") with Plaintiff-Counterclaim Defendant Yellowstone.  On or about May 30, 2006, a revision to the Contract changed the Boeing service provider, removing Plaintiff-Counterclaim Defendant Yellowstone and replacing it with Plaintiff-Counterclaim Defendant Annett-TMC, effective June 1, 2006.

62.    On or about June 12, 2006, in Peebles, Ohio, there was shipped by General Electric and delivered to Ms. Betty Ellen Messner, a trucker for Plaintiff-Counterclaim Defendant Yellowstone, two CFM 56-7B Jet Aircraft Engines, serial numbers 892-976 and 892-978, respectively, for use in commercial airplanes by Boeing, then being in good order and condition (hereinafter the "Shipment").

63.    Plaintiff-Counterclaim Defendant Yellowstone and/or Annett-TMC then and there received and accepted the Shipment so shipped.  In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Plaintiff-Counterclaim Defendants Yellowstone and/or Annett-TMC further agreed to transport and carry said Shipment to Tukwila, Washington, and there deliver the Shipment in like good order and condition to Boeing.

64.    The Shipment was described in two General Electric receipts, numbered 216745 and 216746, respectively, both dated on or about June 12, 2006.  The Shipment was also described in two General Electric "Shipping Documents," numbered 905893 and 905894, respectively, both dated on or about June 12, 2006.

65.    Upon information and belief, Plaintiff-Counterclaim Defendant Annett-TMC incorrectly informed the operator of the Yellowstone truck that the Shipment needed to arrive at its destination within forty-eight hours, when in actuality the Shipment was expected

within seventy-two hours or more.  As a result of this incorrect instruction from Plaintiff-Counterclaim Defendant Annett-TMC, the operator of the Yellowstone truck undertook to drive over ten straight hours and through the night of June 12, 2006.

66.     Upon information and belief, at or about 7:35 a.m. on June 13, 2006, at or around milepost 38 on Interstate 74 in Knox County, Illinois, the operator of the Yellowstone truck carrying the Shipment fell asleep at the wheel, eventually causing the truck to flip over and causing severe damage to the Shipment.

67.     Thereafter, Plaintiffs-Counterclaim Defendants Yellowstone and/or Annett-TMC did not make delivery of the Shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value, all in violation of Plaintiffs-Counterclaim Defendants' obligations and duties as common carriers of merchandise for hire, and to perform their services in a careful, workmanlike manner, and otherwise in violation of their duties.

68.     Defendants-Counterclaim Plaintiffs insured the Shipment and have incurred and will incur substantial losses as a result of the damage to the Shipment.

69.     Defendants-Counterclaim Plaintiffs have performed all conditions on their part to be performed.  Defendants-Counterclaim Plaintiffs bring this action on their own behalf and as assignees and/or subrogees of all parties interested in and who were damaged as a result of the damage suffered by the Shipment, as their respective interests may ultimately appear. Defendants-Counterclaim Plaintiffs are duly entitled to maintain this action.

70.     By reason of the foregoing, Defendants-Counterclaim Plaintiffs have sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding $5,750,000.00.

71.    All of the Causes of Action that follow are or may be governed in whole or in part by the Carmack Amendment, 49 U.S.C. § 14706.

## FIRST CAUSE OF ACTION

## BREACH OF BAILMENT OR CARRIER OBLIGATIONS

### (As Against Plaintiff-Counterclaim Defendant Yellowstone)

72.    Defendants-Counterclaim Plaintiffs incorporate herein by reference the allegations of paragraphs 45 through 71 above and all of the allegations hereafter.

73.    Plaintiff-Counterclaim Defendant Yellowstone at all relevant times acted as a carrier of goods for hire and/or bailee of and/or otherwise had a duty to care for the Shipment at the time it was in its custody.   Plaintiff-Counterclaim Defendant Yellowstone thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Shipment in the same condition as when entrusted to it, and/or to perform its services or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner.   Plaintiff-Counterclaim Defendant Yellowstone breached those obligations and negligently failed to deliver to Defendants-Counterclaim Plaintiffs' designees and/or consignees the Shipment in as complete and good conditions as when entrusted to it.

74.    By reason of the foregoing, Plaintiff-Counterclaim Defendant Yellowstone has caused damage as alleged herein to Defendants-Counterclaim Plaintiffs and is liable to them for such damages in an amount estimated to be or exceed U.S. $5,750,000.00.

## SECOND CAUSE OF ACTION

### TORT: NEGLIGENCE AND/OR GROSS NEGLIGENCE
### AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT

### (As Against Plaintiff-Counterclaim Defendant Yellowstone)

75.    Defendants-Counterclaim Plaintiffs incorporate herein by reference the allegations of paragraphs 45 through 74 above and all of the allegations hereafter.

76.    Plaintiff-Counterclaim Defendant Yellowstone, directly or through its employees, agents or independent contractors, negligently, with gross negligence, recklessly and/or willfully failed to exercise the degree of care and supervision that a reasonably careful man would exercise under like circumstances.  It also failed to supervise and/or manage its trucking divisions and/or its truckers to enable them to carry the Shipment such as was reasonably and legally required and would be sufficient to prevent the damage to the Shipment.

77.    Plaintiff-Counterclaim Defendant Yellowstone and/or its truckers, directly or through its employees, agents or independent contractors, acted improperly.  As one such example, it willfully required or encouraged or failed to take necessary precautions to uncover and prevent the practice of its truckers to more hurriedly deliver loads than was safe and/or in violation of federal hours of service and other regulations, including, *inter alia*, 49 C.F.R. § 390.13, and/or Plaintiffs-Counterclaim Defendants willfully aided, abetted, encouraged and/or required such conduct by said truckers.  Said conduct also constituted a material deviation from the manner in which Boeing contracted for Plaintiff-Counterclaim Defendant Annett-TMC to handle the Shipment.

78.    Plaintiff-Counterclaim Defendants are accordingly liable to Defendants-Counterclaim Plaintiffs in an amount estimated to be or exceed U.S. $5,750,000.00.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

### (As Against Both Plaintiffs-Counterclaim Defendants)

79.    Defendants-Counterclaim Plaintiffs incorporate herein by reference the allegations of paragraphs 45 through 78 above and all of the allegations hereafter.

80.    In the alternative, if the Court finds that either of the Plaintiffs-Counterclaim Defendants were parties to a valid and enforceable contract, by reason of the foregoing, Plaintiffs-Counterclaim Defendants materially breached and intentionally and willfully deviated from their duties under the applicable law and under said contract.

81.    If the contract found to apply is the Boeing-TMC Contract, same incorporates the application of the law of the State of Washington.

82.    Under Washington law, federal common law and/or the Carmack Amendment, each of which are pled in this cause of action in the alternative, contractual limitations of liability are not enforceable, *inter alia*, when the party seeking to enforce the limitation has engaged in grossly negligent and/or reckless and/or willful and/or materially deviant conduct.

83.    Both Plaintiffs-Counterclaim Defendants and/or their truckers, directly or through its employees, agents or independent contractors, acted improperly.  As one such example, they willfully required or encouraged or failed to take necessary precautions to uncover and prevent the practice of its truckers to more hurriedly deliver loads than was safe and/or in violation of federal hours of service and other regulations, including, *inter alia*, 49 C.F.R. § 390.13, and/or Plaintiffs-Counterclaim Defendants willfully aided, abetted, encouraged and/or required such conduct by said truckers.  Said conduct also constituted a material deviation from

16

the manner in which Boeing contracted for Plaintiff-Counterclaim Defendant Annett-TMC to handle the Shipment.

84.    Plaintiffs-Counterclaim Defendants are accordingly liable without limitation to Defendants-Counterclaim Plaintiffs in an amount estimated to be or exceed U.S. $5,750,000.00.

WHEREOF, Defendants-Counterclaim Plaintiffs pray:

1.    That judgment may be entered in favor of Defendants-Counterclaim Plaintiffs against Plaintiffs-Counterclaim Defendants for the amount of Defendants-Counterclaim Plaintiffs' damages, estimated to be or exceed $5,750,000.00, together with interest and costs, and the disbursements of this action;

2.    That this Court will grant to Defendants-Counterclaim Plaintiffs such other and further relief as may be just and proper.

Dated: Rye, New York
       May 1, 2008

Respectfully Submitted,

MALOOF BROWNE & EAGAN, LLC

By: s/ David T. Maloof_____
David T. Maloof, Esq.
Thomas M. Eagan, Esq.
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com

and

17

SCHOEN MANGAN & SMITH
Thomas  P. Mangan, Esq.
200 W. Adams, Suite 1005
Chicago, IL 60606
Tel: (312) 726-5151
Fax: (312) 726-0884
Email: tmangan@schoenmslaw.com

*Attorneys for Defendants-Counterclaim Plaintiffs*

## JURY DEMAND

Defendants-Counterclaim Plaintiffs demand a jury trial on all triable issues raised

in the pleadings.


Dated: Rye, New York
      May 1, 2008

MALOOF BROWNE & EAGAN LLC

By: s/ David T. Maloof_____
     David T. Maloof (DM 3350)
     Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com

and

SCHOEN MANGAN & SMITH
Thomas  P. Mangan, Esq.
200 W. Adams, Suite 1005
Chicago, IL 60606
Tel: (312) 726-5151
Fax: (312) 726-0884
Email: tmangan@schoenmslaw.com

*Attorneys for Defendants-Counterclaim Plaintiffs*