IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Defendants. | CASE NO: 1:08-cv-01106 <br><br> Honorable Judge Lefkow |

## PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO DISMISS

**COME NOW** the Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., and for their Resistance to Defendants' Motion to Dismiss, state as follows:

## INTRODUCTION

The Defendants' motion asks this Court to dismiss the present action so they can proceed with the parallel litigation they initiated in the United States District Court for the Western District of Washington nearly six (6) weeks after the Plaintiffs filed the instant action. Defendants amazingly and unabashedly assert that despite undisputedly being the second-filed action, their Washington lawsuit should be "deemed" the first-filed action and the Illinois action should be "deemed" the second-filed action and dismissed under the first-to-file rule. Most of the issues raised by Defendants' present motion have already been addressed in Plaintiffs' Resistance to Defendants' Motion to Transfer and in Plaintiffs' Resistance to Defendants' Motion to Defer Answer and Discovery, which Plaintiffs' incorporate herein by reference. Because the baseless allegations in Defendants' Motion to Dismiss do not overcome the presumption in favor of an Illinois forum for resolution of this dispute, Defendants' Motion to Dismiss should be denied.

## PROCEDURAL BACKGROUND

On February 22, 2008, the Plaintiffs filed a Complaint for Declaratory Relief in this Court, requesting a declaration that the Defendants had no right to force mediation or arbitration against Plaintiffs under a Freight/Transportation Services Agreement (the "Service Contract") they had entered into with The Boeing Company (hereinafter "Boeing"); that the Service Contract under which the Plaintiffs and Boeing continue to operate limits Plaintiffs' liability for lost or damaged cargo to $2.50 per pound; and that Defendants (Boeing's Insurers) are not subrogated to any right of recovery against Plaintiffs above the $2.50 limit. (Pls.' Compl. Dec. Relief, ¶ 37 (Feb. 22, 2008)).

The Complaint was amended on March 11, 2008 simply to correct the names of certain parties pursuant to Defendants' request. (Pls.' First Amended Compl. (Mar. 11, 2008)). Thereafter, on March 20, 2008, the Defendants filed a Motion to Transfer to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404. Pursuant to this Court's briefing schedule, the Plaintiffs filed a resistance to the motion on April 17, 2008, and the Defendants filed a reply on April 22, 2008. The Court has scheduled its ruling to be issued by June 10, 2008.

On April 29, 2008, after having fully briefed their Motion to Transfer, the Defendants filed the current Motion to Dismiss, which essentially raises the same issues they already presented in their Motion to Transfer.

In addition, <u>subsequent</u> to the presentment hearing on Defendants' Motion to Transfer, Defendants filed a mirror-image lawsuit in Washington. Approximately twenty (20) days after being served with the Washington action, the Plaintiffs in this case filed a motion in the United States District Court for the Western District of Washington to dismiss the action or stay the proceedings because this Court was first to take jurisdiction of the parties' dispute and has already undertaken to determine convenience of forum issues. (Ex. A, Pls.' Mot. to Dismiss Wa. Compl. (Apr. 28, 2008)).

Quite notably, on May 7, 2008, the Defendants filed a motion in the Washington action in which they asked that court to defer their obligation to resist the motion to dismiss filed therein until after the Illinois Court rules on <u>all pending motions before it</u>. (*See* Ex. B hereto). On May 21, 2008, the Washington court entered an order staying that

3

proceeding indefinitely and removing the case from the court's active caseload.  (*See* Ex. C hereto).

## ARGUMENT

**I.  DEFENDANTS' LATER-FILED ACTION IN WASHINGTON CANNOT BE CONSIDERED THE FIRST-FILED CASE.**

It is undisputed that TMC and Yellowstone filed their Complaint for Declaratory Relief in this Court **forty (40) days** before Defendants filed their Complaint in Washington.  (*See* Pls.' Compl. Dec. Relief (Feb. 22, 2008)); Ex. D, Pls.' Wa. Compl. (Apr. 2, 2008)).  Therefore, this Court was the first to take jurisdiction over the parties' dispute.

Even though the first-to-file rule is not strictly applied in the seventh circuit, in cases of concurrent federal litigation, there is a rebuttable presumption in favor of the forum where the action was first filed.  *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989).  This general rule applies even if the first filing is a declaratory judgment action.  *Bingo Brain, Inc. v. California Concepts, Inc.,* 2000 WL 690227, at *1 (N.D. Ill. May 24, 2000) (unpublished) (citing *Genetech Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed. Cir. 1993)).  Because the Defendants have not rebutted this presumption, this Court should retain jurisdiction over the parties' dispute.

**A.  The Defendants Failed to Rebut the Presumption in Favor of the Illinois Forum.**

In order to rebut the presumption in favor of a first-filed action, a party must sufficiently establish compelling circumstances that would justify dispensing with the

4

rule. *Inforizons, Inc. v. VED Software Servs., Inc.,* 204 F.R.D. 116, 120 (N.D. Ill. 2001) (citing *Cent. States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.,* 34 F. Supp. 2d 1092, 1094 (N.D. Ill. 1999)).

In this case, the Defendants contend that this action should be dismissed because they allege the Plaintiffs' Complaint for Declaratory Relief, filed almost six (6) weeks prior to Defendants' subsequent lawsuit in Washington, was filed in bad faith. In support of their contention, the Defendants offer only conclusory and self-serving arguments that the Complaint for Declaratory Relief was used as a "tool" to avoid a contractual mediation obligation and to forum shop. (Defs.' Br., p. 5 (Apr. 29, 2008)). There is no merit to either of these allegations.

### 1. The Plaintiffs' Complaint for Declaratory Relief was Filed for a Valid Purpose.

In order to defeat the priority of Plaintiffs' declaratory action, the Defendants must establish that it was filed for an improper purpose. The purpose of a declaratory action is to clarify and settle legal relations at issue and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tempco Elec. Heater Corp. v. Omega Eng'g., Inc.,* 819 F.2d 746, 749 (7th Cir. 1987) (quoting Borchard, *Declaratory Judgments* 299 (2nd ed. 1941)). Declaratory actions are still given priority under the first-to-file rule, even if they are filed in the face of threats from a putative plaintiff, so long as the putative defendant had a valid reason for filing the action. *See Cobasys, L.L.C. v. FMP Resistance Welding Supply, Inc.,* 2006 WL 901681, at *4 (E.D. Mich. Mar. 31, 2006). The mere filing of a declaratory judgment action does

not inescapably lead to the conclusion that the action was an anticipatory suit brought for improper purposes.  *See Medi USA. LP v. Jobst Institute, Inc*., 791 F. Supp. 208, 211 (N.D. Ill. 1992) (transferred second-filed patent infringement action to district where first-filed declaratory judgment action was pending); *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co*., 920 F.2d 487, 489 (8th Cir. 1990) (sustaining first-filed declaratory judgment action, notwithstanding that the declaratory judgment action preempted litigation in another forum).

In this case, the Plaintiffs' declaratory action was filed for a valid purpose.[1] The Plaintiffs did not mislead Defendants regarding their intentions, nor indicate that they did not intend to file a lawsuit to resolve the issues.

On November 13, 2007, the Defendants filed a mediation demand on TMC, a relatively small Iowa company, demanding that it agree to travel to Seattle, Washington and participate in a mediation in that state.  From the very beginning, TMC told the Defendants that it did not believe they (as Boeing's insurers) had any legal or contractual right to demand a mediation under the transportation contract.  (Ex. E, Ltr. TMC to David Maloof (November 14, 2007); Pls.' Resistance to Motion to Transfer, p. 14 (Apr. 17, 2008)).  TMC repeatedly explained that its position was based on the fact that the Bills of Lading and Service Contract with Boeing provided for a limitation of liability in the amount of $2.50 per pound (in this case $50,000 based on the total weight of the shipment at issue) and that Boeing's insurers had no right to coerce any reimbursement

---

[1] The Illinois action also offers the opportunity for complete relief to **all parties** because the Defendants have asserted counterclaims in this action which mirror the Defendants' Washington Complaint.

6

above that limit. TMC's position in this regard was based on established case law. *See ASW Allstate Painting & Const. Co., Inc. v. Lexington Ins. Co.*, 94 F. Supp. 2d 782 (W.D. Tex. 2000) (holding that allegedly subrogated insurer had no right to enforce arbitration clause in its insured's contract because nothing further was owed to the insured and thus insurer did not stand in the insured's shoes as a subrogee).

Furthermore, even if the Boeing Insurers did have some right to demand a mediation, TMC's Service Contract with Boeing provided that the mediation and arbitration would take place at a **mutually agreed upon location.** Defendants, however, refused to acknowledge this provision and demanded that TMC agree to mediate in Seattle, Washington. Defendants even unilaterally appointed a mediator from the State of Washington. Defendants then argued that TMC would not to be able to rely on the limited liability provision in the contract if they did not participate in mediation in Seattle Washington. When Defendants continued to unilaterally press forward with their uncompromising mediation demands, Plaintiffs filed a Complaint for Declaratory Relief in Illinois to stop those efforts as well as to declare the parties' rights and obligations under the Service Contract.[2]

The Plaintiffs did not act in any bad faith or mislead the Defendants regarding their intentions. After living under the cloud of Defendants' ultimatums for several months, the Plaintiffs took action to bring the dispute to resolution by filing a Complaint in the most appropriate forum. The Plaintiffs were not required to await the Defendants'

---

[2] One would have expected the Defendants to have filed a motion to compel mediation in this case as a counterclaim if they really wanted to mediate and believed they had a legal right under the Service Contract. Instead, they filed a counterclaim for money damages in this case and a mirror-image lawsuit in Washington.

7

initiative, nor were they required to continue discussions when it became clear that Defendants would not compromise on their demands for mediation in Washington. *See Genentech,* 998 F.2d at 937-38 (enforcing first filed presumption furthers purpose of the Declaratory Judgment Act, which is "to enable a person caught in a controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist"); *Kmart Corp. v. Key Indust. Inc.*, 877 F. Supp. 1048, 1053-54 (W.D. Mich. 1994) (where correspondence made clear that defendant "would accept nothing short of total capitulation," plaintiff was justified in filing suit). Thus, the Plaintiffs, as the first-filed, remain entitled to the presumption of priority in favor of their chosen forum, and this action should remain in Illinois.

### 2. The Plaintiffs Did Not Engaged in Forum Shopping.

The Defendants next argue that the Plaintiffs' declaratory action was an attempt at forum shopping. Nothing could be further from the truth. As shown in prior briefs, the Plaintiffs filed suit in Illinois because it was the closest, most convenient forum in which they believed personal jurisdiction could be obtained over all the parties.

Moreover, as shown in prior briefs, the Plaintiffs clearly were not trying to avoid Washington state law, because that law will not apply to the issues in this case. The contract between Plaintiffs and Boeing is a trucking transportation contract, and as such it is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) and (c)(1). Federal courts have uniformly held that state laws imposing liability on carriers for loss or damage to cargo are preempted by the Carmack Amendment. *See REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008);

*North American Van Lines, Inc. v. Pinkerton Sec. Systems, Inc.,* 89 F.3d 452, 454-46 (7th Cir. 1996).[3] Thus, Washington law is fully preempted and will not apply, and accordingly it is frivolous to assert that Plaintiffs were attempting to avoid that law by filing in Illinois.

Likewise, the Defendants' allegation that the Illinois action was an attempt to avoid Ninth Circuit law is wholly without merit. Defendants assert that Plaintiffs filed in the Seventh Circuit to avoid the holding in *Vision Air Flight Service, Inc. v. M/V National Pride*, 155 F.3d 1165 (9th Cir. 1998). The *Vision Air* case however, has absolutely nothing to do with the issues in this case. *Vision Air* involved the application of a completely different federal law—the Carriage of Goods at Sea Act (COGSA)—which does not govern or apply to trucking transportation contracts.

*Vision Air* was simply a case applying the material deviation doctrine developed in COGSA cases, which is not implicated in this case. In any event, Defendants are unable to cite any legal authority for their pronouncement that the doctrine applied to COGSA in the *Vision Air* case is applicable to cases involving the Carmack Amendment.

Because *Vision Air* is not applicable to the issues in the present matter, it is absurd for Defendants to argue that Plaintiffs were trying to avoid that case by filing in Illinois. Therefore, Defendants' allegation of forum shopping fails and the Plaintiffs' action, as the first-filed, remains entitled to the presumption of priority.

---

[3] Defendants argue in a footnote that "Plaintiffs assertion that the Carmack Amendment preempts such a state law choice of law clause is simply wrong." (Defs.' Mot., p. 8, fn. 7). However, the case cited by Defendants does not support this argument, and Defendants have not and cannot show any federal court decision contrary to the wealth of decisions holding that Carmack does preempt state law.

## **CONCLUSION**

WHEREFORE, the Plaintiffs, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., respectfully request that the Court deny the Defendants' Motion to Dismiss and for such other and additional relief as it deems just and appropriate.

Respectfully Submitted,

Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc.

By: _____/s/_____
　　　One of its Attorneys

Todd A. Strother, ARDC #6230355
BRADSHAW, FOWLER, PROCTOR &
FAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Tel:　(515) 246-5848
Fax:　(515) 246-5808
E-Mail: Strother.todd@bradshawlaw.com


Jason R. Bent, ARDC #6278857
SMITH & BENT, P.C.
53 West Jackson Boulevard, Suite 402
Chicago, IL  60622
Tel:　(312) 546-6140
Fax:　(888) 664-8172
E-Mail: jbent@smithandbent.com