HON. JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> YELLOWSTONE TRUCKING, INC., ANNETT HOLDINGS, INC., and ANNETT HOLDINGS, INC., d/b/a TMC TRANSPORTATION, INC. <br><br> Defendants. | NO. 2:08-cv-00518 JCC <br><br> PLAINTIFFS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS <br><br> **NOTE ON MOTION CALENDAR:** <br><br> **FRIDAY, MAY 16, 2008** |

**EXHIBIT A**

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 1
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

1
2
3

# TABLE OF CONTENTS

4  1. RELIEF REQUESTED ........................................................................................................ 3
5  2. INTRODUCTION ............................................................................................................... 3
6  3. BACKGROUND ................................................................................................................. 5
7  4. PROCEDURAL HISTORY ................................................................................................ 9
8  5. ARGUMENT .................................................................................................................... 12
9     5.1. THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED
      PURSUANT TO THE FIRST-TO-FILE RULE ............................................................ 12
10      5.1.1 Chronology ......................................................................................................... 13
11      5.1.2 Identity of Parties ............................................................................................... 14
12      5.1.3 Similarity of Issues ............................................................................................. 14
13      5.1.4 Exceptions to the First-Filed Rule Do Not Apply .............................................. 15
14         5.1.4.1 The Illinois Complaint Was Not Anticipatory and
             the TMC Defendants Did Not Act in Bad Faith ........................................ 15
15         5.1.4.2 The TMC Defendants Did Not Engage in Forum Shopping ...................... 17
16         5.1.4.3 Convenience Issues Do Not Exempt
             This Matter From the First-To-File Rule .................................................. 18
17    5.2. A STAY OF PROCEEDINGS IS APPROPRIATE IF THE COURT DOES NOT DISMISS THE
      COMPLAINT ............................................................................................................... 18
18 6. CONCLUSION ................................................................................................................. 19

21
22
23
24
25
26

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 2
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

### 1. RELIEF REQUESTED

Defendants Yellowstone Trucking, Inc. ("**Yellowstone**"), Annett Holdings, Inc. and Annett Holdings, Inc., d/b/a TMC Transportation, Inc. (all three of which are referred to below sometimes collectively as the "**TMC Defendants**" or "**TMC**"), by and through their attorneys, Eisenhower and Carlson, PLLC, and John R. Ruhl, respectfully move this Court for an Order dismissing the Plaintiffs' Complaint; or in the alternative, for an Order staying these proceedings pending resolution of the Plaintiffs' Motion to Transfer, which is currently on file in the United States District Court for the Northern District of Illinois.

This Motion is based upon the pleadings on file herein, the Declaration of Glen McCravy dated April 28, 2008; and the Declaration of Bradley M. Beaman, dated April 17, 2008.

### 2. INTRODUCTION

This lawsuit relates to a transportation contract ("**Service Contract**") entered into between the TMC Defendants and The Boeing Company ("**Boeing**"), pursuant to which the TMC Defendants agreed to transport cargo for Boeing throughout different parts of the country. The TMC Defendants are filing this Motion because:

- The Service Contract already is the subject of another case, which was filed 40 days before this case was filed, which is currently pending in the United States District Court for the Northern District of Illinois under case number 1:08-cv-01106 JHL (the "**Illinois case**").
- The Plaintiffs in the Illinois case, who are the TMC Defendants herein, have been forced to assume reversed roles as the Defendants in this case.
- The same 12 insurance companies (referred to below as the "**Boeing Insurers**") that are the Defendants in the Illinois case have reversed their roles to become the Plaintiffs in this case.
- In both cases, the Boeing Insurers are asserting a $5,750,000.00 subrogation claim

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 3
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.383.1830
Fax: 206.382.1920

against TMC with respect to two Boeing jet engines that were damaged while being transported by Defendant Yellowstone in June 2006.

- In both cases, the TMC Defendants are asserting that liability with respect to the cargo claim is limited to $2.50 per pound, for a total of $50,000.00, pursuant to the Federal Carmack Amendment, 49 U.S.C. §14706(a) and (c)(1).

- The Boeing Insurers filed their Complaint in this Court <u>after</u> filing a Motion to Transfer in the Illinois case and <u>after</u> the Federal Court Judge in Illinois directed that the case there would proceed pending a ruling on the Motion to Transfer, and without waiting for the Federal Judge in the Illinois case, Judge Joan H. Lefkow, to decide their Motion to transfer the Illinois case to the Western District of Washington. Judge Lefkow had received their Motion to Transfer on March 20, 2008, just 13 days before they filed their new lawsuit in this Court.

- It appears that the only possible reason why the Boeing Insurers have filed this suit in Washington is to attempt to create additional pressure on Judge Lefkow to grant their Motion to stay the Illinois case (which they filed <u>after</u> filing their new lawsuit in Washington) and allow this case to proceed in Washington.

The filing of the Boeing Insurers' lawsuit in this Court, while their Motion to transfer is still pending in the Illinois case, serves no legitimate purpose whatsoever. If Judge Lefkow grants the Motion to Transfer, the entire case will be transferred here to the Western District of Washington. If Judge Lefkow denies their Motion, however, the filing of this lawsuit will have been useless because the Boeing Insurers will have to seek relief in the Illinois case through a compulsory counterclaim pursuant to Fed. R. Civ. P 13(a).

The TMC Defendants request that this Court dismiss the Boeing Insurers' Complaint pursuant to the well-established "first-to-file" rule of priority. The Defendants further submit that the convenience of the parties and the interests of justice require this action be dismissed, in order to avoid unnecessary and duplicative litigation, and to avoid a drain on both the parties'

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 4
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

**EISENHOWER**
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

and the Court's limited resources.

In the alternative, the TMC Defendants request that the Court stay these proceedings pending Judge Lefkow's ruling on the Boeing Insurers' Motion to transfer the Illinois case to the Western District of Washington. Judge Lefkow is scheduled to issue her ruling on that Motion on or about June 10, 2008.

### 3. BACKGROUND

On February 1, 2006 Boeing and Yellowstone entered into the above-described Service Contract, pursuant to which Yellowstone agreed to transport cargo for Boeing throughout the United States. The Service Contract was signed by Boeing's Procurement Agent Becky Short in Wichita, Kansas. (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. D thereto, Affidavit of Glen McCravy, Ex. E thereto, Service Contract (Apr. 17, 2008)). Yellowstone and Boeing thereafter entered into several amendments to the Service Contract, which were signed by Mrs. Short in Wichita, Kansas and later by Boeing Procurement Agent Thomas Stahlheber in St. Louis, Missouri. *Id.*

In June of 2006, Boeing tendered two jet engines to Defendant Yellowstone for delivery, pursuant to the Service Contract and two Bills of Lading. The Bills of Lading called for Defendant Yellowstone to pick up the jet engines in Ohio and to transport them to Washington. On June 13, 2006, while driving the jet engines in the State of Illinois, the Yellowstone truck was involved in an accident that allegedly caused damage to the Boeing jet engines. Both the Service Contract and the Bills of Lading (drafted by Boeing), contain a limitation of liability provision, which limits the TMC Defendants' liability for damages to cargo to $2.50 per pound – in this case $50,000.00.[1] Boeing's Insurers (the Plaintiffs herein), paid the sum of $5,750,000.00 to cover the alleged damages to the jet engines.

Thereafter, despite the clear and unambiguous limitation of liability provisions contained in both the Service Contract and Bills of Lading, the Boeing Insurers (who paid Boeing for the

---

[1] Payment of this amount has been offered to the Plaintiffs.

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 5
(2:08-cv-00518 JCC)
08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

loss), asserted that the TMC Defendants were liable for the entire amount of the loss, and demanded that the TMC Defendants engage in a mediation under the Service Contract. Even though the Service Contract provides that any mediation "shall be held at a mutually agreed upon location," the Boeing Insurers attempted to force the TMC Defendants (which are headquartered in Iowa) to mediate in Washington, almost 2,000 miles away. The TMC Defendants denied any liability beyond the $50,000.00 limit, and refused to mediate in Washington.

The TMC Defendants contend that the Boeing Insurers have no legal or contractual right to demand a mediation under the transportation contract to which they are not a party. *See, e.g., ASW Allstate Painting & Const. Co., Inc. v. Lexington Ins. Co.*, 94 F. Supp. 2d 782 (W.D. Tex. 2000) (holding that allegedly subrogated insurer had no right to enforce arbitration clause in its insured's contract because nothing further was owed to the insured and thus insurer did not stand in the insured's shoes as a subrogee).

As a result, the TMC Defendants *repeatedly* have informed the Boeing Insurers that there was no contractual obligation to participate in a mediation and that they may decline to participate in mediation:

- On November 20, 2007, even before hiring legal counsel, TMC Defendants advised the Boeing Insurers as follows: "We are under contract with Boeing with a specified release value of $2.50 per pound. We are not agreeing to mediation at this time." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. F thereto).
- On January 4, 2008, the TMC Defendants advised as follows: "I have also advised Mr. Maloof that while we are willing to identify mutually available dates in March for a mediation, we do reserve the right to decline to participate in a mediation, depending upon the findings and conclusions we reach in our investigation and research." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. F thereto, Dennis 1/4/08 letter to AAA and Maloof).
- On January 7, 2008, the TMC Defendants again advised: "Not to belabor this issue,

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 6
(2:08-cv-00518 JCC)
08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

but I want to remind everyone that we do not agree that there is an absolute obligation to engage in mediation under the circumstances of this case. As indicated in my prior letter, we are willing to identify a date in March for a possible mediation, but reserve the right to decline to participate in mediation." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. G thereto, Dennis 1/7/08 e-mail).

- On January 23, 2008, the TMC Defendants once again advised: "As we have previously advised, we do not feel there is an absolute obligation on the part of TMC, under the applicable contract, to engage in mediation under the presently-existing circumstances of this case. Within the next few days, however, we will be advising Mr. Maloof, counsel for Underwriters et al., as to our position regarding any possible mediation." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. H thereto, Dennis 1/23/08 letter to AAA and Maloof).

- On January 24, 2008, the TMC Defendants advised the Boeing Insurers that "there is no reason to believe that a formal mediation of this matter would have any likelihood of resulting in a settlement," but offered that "if your client absolutely insists on conducting a mediation under the currently-existing circumstances, we would be willing to participate in a mediation by telephone conference call, if your client is willing to pay the costs of the mediator and any associated costs and charges of the American Arbitration Association." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. I thereto, Dennis 1/24/08 letter). Notably, **the Boeing Insurers refused this offer**.

- Thereafter, on February 15, 2008, the TMC Defendants once again advised: "As Mr. Dennis has previously advised, we do not believe there is an absolute obligation on the part of TMC, under the applicable contract, to engage in mediation under the circumstances of this case." (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. J thereto, Strother 2/15/08 e-mail to AAA and Maloof).

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 7
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

1  When the Boeing Insurers continued unilaterally to press forward with the mediation, the
2  TMC Defendants filed a Complaint for Declaratory Relief in Illinois to stop those efforts as well
3  as to declare the parties' rights and obligations (both past and present) under the Service
4  Contract.

5  The TMC Defendants' first choice was to file this lawsuit in their home state of Iowa.
6  (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Ex. A thereto, Affidavit of Bradley Beaman).
7  However, after investigating the insurance companies, TMC's counsel learned that several were
8  not licensed or admitted to do business in Iowa and thus likely were not subject to personal
9  jurisdiction there. *Id.* Further investigation revealed that, on information and belief, the Boeing
10 Insurers had entered into their contracts of insurance with Boeing in Chicago, Illinois. *Id.* This
11 was shown by (i) the insurers' adjuster's report, which identifies their assured as the Boeing
12 Company in Chicago, Illinois, and (ii) the proofs of loss submitted by the insurers, which were
13 submitted in Chicago, Illinois. *Id.* Therefore, the TMC Defendants chose to file the Complaint
14 for Declaratory Relief in Illinois, because it was the closest forum to their home state in which
15 they believed they could obtain personal jurisdiction over all of the Boeing Insurers. *Id.*

16 There were several other important reasons for filing in Illinois as well, including: (1) it is
17 a convenient forum for the TMC Defendants and their anticipated witnesses; (2) it is the location
18 of the subject accident; (3) the state patrol officer who investigated the accident lives in Illinois;
19 and (4) Illinois is the only location in which TMC and Yellowstone can be assured that the Court
20 has personal jurisdiction over all the parties. Moreover, a key issue in this case, as the Boeing
21 Insurers must admit, will be the interpretation of the contract between the TMC Defendants and
22 Boeing, and whether the limitation of liability clause contained therein was intended to cover
23 both of the TMC Defendants and accidents of this nature that have occurred or may occur in the
24 future. As shown herein, the key Boeing witnesses on these issues are located in St. Louis,
25 Missouri and Wichita, Kansas, both of which are much closer to Chicago, Illinois than to Seattle,
26 Washington. (*See* Ex. 1, TMC's Resistance to Mot. to Transfer, Exs. D and E thereto).

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 8
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

    Moreover, the contract between the TMC Defendants and Boeing is a trucking transportation contract, and as such is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a) and (c)(1). Federal courts have uniformly held that state laws imposing liability on carriers for loss or damage to cargo are preempted by the Carmack Amendment. *Hughes Aircraft Co. v. North American Van Lines, Inc.* 970 F.2d 609, 613 (9th Cir. 1992); *Boeing Company v. USAC Transport, Inc.*, 539 F.2d 1228 (9th Cir. 1976) (shipper's recovery was limited to the released value of $2.50 per lbs. for damage to jet engines); *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, __F.3d__, WL 731614 (7th Cir. Mar. 20, 2008); *North American Van Lines, Inc. v. Pinkerton Sec. Systems, Inc.*, 89 F.3d 452, 454 (7th Cir. 1996). Therefore, the choice of law provision in the Service Contract will not be relevant to the substantive issues involved in this dispute. *See MidAmerican Energy Co. v. Start Enterprises, Inc.*, 437 F. Supp. 2d 969, 973 (S.D. Iowa 2006) (choice of law provision did not invalidate applicability of Carmack Amendment because waiver of rights and remedies under the Carmack Amendment must be explicit and express.

### 4.  PROCEDURAL HISTORY

    On February 22, 2008, after more than three months of the Boeing Insurers' counsel's constant demands on the TMC Defendants to attend mediation in Washington, the TMC Defendants filed their Complaint for Declaratory Relief in the United States District Court for the Northern District of Illinois.[2] (Ex. 2, Compl. for Dec. Relief (Feb. 22, 2008)). The Illinois court is asked to determine, among other things: (1) Whether the Service Contract and Bills of Lading limit liability to $2.50 per lbs. under the Carmack Amendment; (2) Whether the TMC Defendants owe the Boeing Insurers anything beyond the $2.50 per lbs. ($50,000); and (3) Whether Boeing's Insurers have standing to make demands on the TMC Defendants to mediate or arbitrate under the Service Contract. *Id.* at ¶¶ 32, 37.

---

[2] The Boeing Insurers have been in possession of the Illinois Complaint for more than sixty (60) days. Procedurally, most of them are in default in the Illinois proceeding because they did not file an answer or receive an extension before their deadline. (Ex. 1, TMC's Resistance to Mot. to Defer Answer & Discovery, p. 7).

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 9
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

**EISENHOWER**
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1928

1    Rather than answering the Illinois Complaint and asserting compulsory counterclaims, on
2    March 20, 2008, the Boeing Insurers filed a Motion to Transfer the Illinois proceeding to the
3    United States District Court for the Western District of Washington pursuant to 28 U.S.C.
4    Section 1404(a). Plaintiffs acknowledged therein that venue and jurisdiction were proper in the
5    Illinois court, but alleged that Washington was a more convenient forum.[3]

6    The local rules in the Northern District of Illinois required the Boeing Insurers to present
7    their Motion to Transfer to the judge. During the March 27, 2008 presentment hearing, the
8    Honorable United States District Court Judge, Joan H. Lefkow, directed that the Illinois case
9    should proceed while the Motion to Transfer was pending. Judge Lefkow specifically told all
10   counsel that answers should be filed as they became due and that the parties could engage in
11   discovery. As the court explained, the case was going to proceed somewhere, so there was no
12   reason to hold up its progress during the pendency of the Motion to Transfer. The court also
13   issued a briefing schedule for the parties. The TMC Defendants have filed their resistance to the
14   Motion to Transfer, and the Boeing Insurers have until May 1, 2008 to file their Reply. A
15   hearing on the Motion to Transfer is scheduled for June 10, 2008, after which the Illinois court
16   will issue its ruling.

17   On April 2, 2008, <u>subsequent</u> to the presentment hearing, and six (6) days after Judge
18   Lefkow specifically told the Boeing Insurers to proceed with answering the Complaint and to
19   engage in discovery, the Boeing Insurers filed this mirror-image lawsuit here in Washington,
20   which involves the same parties and the same issues. Shortly thereafter, on April 8, 2008, the
21   Boeing Insurers returned to Illinois and filed a Motion to stay those proceedings in light of their
22   subsequently-filed lawsuit in Washington. The TMC Defendants have resisted that Motion, and
23   the Illinois court has set the same for ruling on May 6, 2008.

24   The Boeing Insurers were supposed to continue progress with the Illinois case while the
25   court considered their Motion to Transfer. If their Motion is granted, the Illinois case will be

---

[3] Plaintiffs also stated in their Motion to transfer that they were no longer interested in pursuing mediation or arbitration. (Ex. 4, Insurer's Mot. to Transfer, p. 6 n. 5 (Mar. 20, 2008))

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 10
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1939

1  transferred and proceed here in Washington. There was no need for the Plaintiffs to ignore
2  Judge Lefkow's direction and unilaterally file a separate, parallel lawsuit in another state. It
3  appears the only reason it was filed was to put pressure on Judge Lefkow to grant the Boeing
4  Insurers' Motion to Stay, which was filed in Illinois immediately after the TMC Defendants were
5  served with the Washington lawsuit. (Ex. 3, Insurers' Mot. to Defer Ans. & Discovery, pp. 1-2
6  (Apr. 8, 2008)) (requesting to defer obligation to answer and stay discovery in Illinois based only
7  on filing of Washington action).

8  The Boeing Insurers' actions over the course of this dispute have been similarly
9  perplexing. First they demanded that the TMC Defendants mediate in Washington because,
10 according to their position at the time, the parties had a contractual obligation to mediate **and**
11 arbitrate any disputes arising out of the performance of the Service Contract. Now they
12 apparently concede that they do not wish to pursue mediation or arbitration: their response to
13 TMC's Complaint in Illinois has been to participate in that proceeding and tell the court therein
14 that they have "decided to waive mediation and arbitration," (Ex. 4, Insurer's Mot. to Transfer, p.
15 6 n. 5 (Mar. 20, 2008)), and then to file their own subsequent lawsuit in this Court. The Boeing
16 Insurers' position seems to be that TMC is obligated to mediate and arbitrate, but they are not.
17 According to the Boeing Insurers, they are free to bring a lawsuit anytime but the TMC
18 Defendants must mediate and arbitrate before bringing suit. If this argument had any merit
19 whatsoever, the Boeing Insurers would have and should have filed a Motion to compel mediation
20 and/or arbitration in the Illinois proceeding or in this Court. Their inaction is telling.

21 As stated above, after the Boeing Insurers filed this parallel lawsuit in Washington (while
22 their Motion to transfer was already pending), they went back to Judge Lefkow in Illinois and
23 asked for a stay on the grounds that "proceeding to litigate in two courts simultaneously makes
24 little sense." (Ex. 3, Insurers' Mot. to Defer Answer and Discovery, 7-8). The TMC Defendants
25 could not agree more: proceeding to litigate in Washington while the first-filed case in Illinois is
26 pending makes little sense. Thus, the TMC Defendants respectfully request that the Court

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 11
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

dismiss the Complaint on the grounds that the United States District Court for the Northern District of Illinois has already taken jurisdiction over the dispute and is endeavoring to address the Boeing Insurers' desire to proceed in a Washington forum. In the alternative, the TMC Defendants request that this duplicate action be stayed until Judge Lefkow rules on the pending Motion to Transfer in Illinois.

## 5. ARGUMENT

### 5.1. THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED PURSUANT TO THE FIRST-TO-FILE RULE

The TMC Defendants respectfully request that the Court dismiss this action on the basis that all parties named in this lawsuit are already involved in litigation involving precisely the same issues that was previously filed in the United States District Court for the Northern District of Illinois. The parties, issues, and available remedies are the exactly the same as those in the Illinois action, which was filed more than two months ago.

The Ninth Circuit follows the well-established "first-to-file" rule, which is a doctrine that encourages comity among federal courts. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule permits federal district courts "to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Id.*; *see also Cedars-Sinai Med. Ctr. V. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (holding that the rule permits the second District Court to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (same); *Audio Entertainment Network, Inc. v. American Tel. & Tel. Co.*, WL 1269329, at *1 (9th Cir. Dec. 28, 1999) (unpublished) (same).

The first-to-file rule serves an important purpose of promoting "the interests of efficiency and judicial economy." *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1156 (9th Cir. 2007) (Ferguson, J. concurring). Moreover, "[s]ound judicial administration…indicate[s] that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 12
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

1  jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second
2  action." *Pacesetter*, 678 F.2d at 95.
3  "'The purpose of the comity principle is of paramount importance. The doctrine is
4  designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the
5  embarrassment of conflicting judgments.'" *Intersearch Worldwide, Ltd. v. Intersearch Group,*
6  *Inc.*, __ F. Supp. 2d __, WL 753731, at *6 (N.D. Cal. Mar. 19 2008) (quoting *Church of*
7  *Scientology of California v. United States Department of Navy*, 611 F.2d 738, 750 (9th Cir.
8  1979)). While the first-to-file rule "'is not a rigid or inflexible rule to be mechanically applied,'"
9  *Audio Entertainment Network Inc.*, WL 1269329, at *6 (quoting *Pacesetter*, 678 F.2d at 95), it
10 "should not be disregarded lightly." *Alltrade, Inc.*, 946 F.2d at 625 (quoting *Church of*
11 *Scientology*, 611 F.2d 750).
12  To meet the requirements of the first-to-file rule, the moving party must establish all of
13 the following: "'(1) chronology of the two actions; (2) similarity of the parties; and (3) similarity
14 of the issues.'" *Best Western Intern., Inc. v. Patel*, WL 608382, at *4 (D. Ariz. Mar. 3, 2008)
15 (slip copy). Because each of these requirements is met in this case, and no exception applies, the
16 TMC Defendants respectfully request that the Court exercise its discretion and dismiss this
17 action. The Northern District of Illinois has already taken jurisdiction over this dispute and any
18 relief the Boeing Insurers seek will be available in the Illinois action. *See Amerisourcebergen*
19 *Corp.*, 495 F.3d at 1156 (Ferguson, J. concurring) (quoting *Church of Scientology*, 611 F.2d
20 750).

### 5.1.1  Chronology

22  For purposes of analyzing the chronology of concurrent proceedings in federal court, the
23 Ninth Circuit looks at the date the <u>original complaint</u> was filed. Fed. R. Civ. P. 3; *Pacesetter*,
24 678 F.2d at 96 n. 3 (filing of action rather than service of complaint establishes the relevant
25 date). *See also Time Warner cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 n.
26 48 (D. Del. 2007) (filing of original complaint established court's jurisdiction, not amended

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 13
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

complaint); *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 265-66 (D. Del. 1997) (first-to-file analysis focuses on subject-matter jurisdiction rather than presence of parties).

It is undisputed that the TMC Defendants filed their Complaint for Declaratory Relief in the United States District Court for the Northern District of Illinois **forty (40) days** before the Boeing Insurers filed their Complaint in Washington. (*See* Ex. 2, TMC Compl. Dec. Relief; Pls.' Compl.). Thus, the federal court in Illinois was clearly the first to take jurisdiction over this dispute.

### 5.1.2   Identity of Parties

The named parties in this case are the same as the parties involved in the Illinois action. (*See* Ex. 2, TMC Compl. Dec. Relief; Pls.' Compl.). The only difference between this action and the first-filed action in Illinois is that the insurance companies have captioned this one differently by naming Annette Holdings, Inc. separately from Annett Holdings, Inc. d/b/a TMC Transportation, Inc. Whether or not this was done to create the illusion of different parties makes no difference: Annette Holdings, Inc. and Annett Holdings, Inc. d/b/a TMC Transportation, Inc. are one in the same. (Ex. 6, Affidavit of Glen McCravy (Apr. 28, 2008)).

Even if they were not, strict identity of parties is not a requirement under the first-to-file rule. *Hartford Acc. & Indem. Co. v. Margolis*, 956 F.2d 1166 (9th Cir. 1992) (unpublished) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Rather, the parties must only be substantially similar. *Dumas v. Major League Baseball Properties, Inc.*, 52 F. Supp. 2d 1183, 1189 (S.D. Cal. 1999); *see Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998) (relevant inquiry is whether the primary parties in both actions are the same). Here, this requirement is easily met because the parties in this case are identical to the parties in the Illinois action.

### 5.1.3   Similarity of Issues

For the first-to-file rule to apply in concurrent federal proceedings, the cases must also involve substantially similar issues. *Dumas*, 52 F. Supp. 2d at 1193. Slight differences between

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 14
(2:08-cv-00518 JCC)

08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1970

two actions are inconsequential where "the underlying [issues are] almost identical." *Id.* In this case, the Washington and Illinois actions both involve the extent of the TMC Defendants' liability for damages to Boeing cargo occurring during a shipment that occurred on June 13, 2006. In both actions, the primary legal issue will be whether the Boeing Insurers are entitled to recover $5.75 million from the TMC Defendants despite a contractual provision and Bill of Lading that clearly limits the TMC Defendants' liability to only $50,000.00.

Furthermore, the causes of action set forth in the Boeing Insurers' Complaint are compulsory counterclaims to the TMC Defendants' Complaint in the Illinois proceeding. *See* Fed. R. Civ. P. 13(a); Ex. 5, Insurers' Reply in Support of Mot. to Defer Ans. & Discovery, p. 2 n. 1 (counsel recognizing that "[o]f course, in [our] answer [we] intend to counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure.").

Thus, the underlying issues in both federal cases are identical. The fact that the Boeing Insurers' Complaint sets forth five causes of action arising under both state and federal law is of no consequence. *See Dumas*, 52 F. Supp. 2d at 1193 (addition of state law allegations in second-filed action does not preclude application of the first-filed rule where the underlying conduct is essentially the same) (citations omitted); *Ward v. Follett Corp.*, 158 F.R.D. 645, 649 (N.D. Cal. 1994) (requiring only that actions have similar grounds—not identical).

### 5.1.4 Exceptions to the First-Filed Rule Do Not Apply

The TMC Defendants anticipate that the Boeing Insurers will try to convince the Court that one of the exceptions to the first-filed rule applies, such as bad faith, anticipatory suit, or forum shopping. *See Alltrade, Inc.*, 946 F.2d at 628 (identifying exceptions) (citations omitted). Any such argument would be disingenuous.

#### 5.1.4.1 The Illinois Complaint Was Not Anticipatory and the TMC Defendants Did Not Act in Bad Faith

For purposes of establishing the "anticipatory suit" exception to the first-filed rule, a party must sufficiently demonstrate that the first action was filed "on receipt of specific, concrete

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 15
(2:08-cv-00518 JCC)
08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

indications that a suit by the defendant was imminent." *Guthy-Renker Fitness*, 179 F.R.D. at 271. The mere suggestion of the possibility of legal action does not arise to the level of imminent threat of legal action. *Id.*

There was not a specific threat of imminent litigation in this case. For more than four months, the Boeing Insurers repeatedly demanded that the TMC Defendants participate in a mediation, asserting they had a right to demand a mediation under the Service Contract. In fact, it is rather surprising that the Boeing Insurers have chosen to file this lawsuit in Washington, given that their stated position has always been that <u>both parties were contractually bound to mediate and arbitrate</u> any disputes arising from the contract. *See supra*, pp. 4-6. If that were true, one would have expected the Boeing Insurers to file a Motion to compel mediation and/or arbitration in Illinois or Washington—not a suit for damages.

Furthermore, the TMC Defendants did not act in bad faith or mislead the Boeing Insurers regarding their intentions, *see supra*, pp. 5-6, nor did they indicate they did not intend to file a lawsuit to resolve the issues. After living under the cloud of the Boeing Insurers' demands for mediation for more than four months, the TMC Defendants took action to bring the dispute to resolution by filing a Complaint in the most appropriate forum. The law does not require the TMC Defendants to await the Boeing Insurers' initiative, nor were the TMC Defendants required to continue discussions when it became clear that the Boeing Insurers were not going to materially compromise in their incessant demands. *See Genentech Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (enforcing first-filed presumption furthers purpose of the Declaratory Judgment Act, which is "to enable a person caught in a controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist"); *Kmart Corp. v. Key Indust. Inc.* 877 F. Supp. 1048, 1054 (W.D. Mich. 1994) (where correspondence made clear that defendant "would accept nothing short of total capitulation," plaintiff was justified in filing suit). Thus, the Defendants' Complaint in Illinois, as the first-filed action, should have priority.

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 16
(2:08-cv-00518 JCC)
08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

### 5.1.4.2 The TMC Defendants Did Not Engage in Forum Shopping

The TMC Defendants anticipate that the Boeing Insurers will argue the first-filed action in Illinois was an attempt at forum shopping (because they have made the same argument in the Illinois court). (*See* Ex. 5, Insurers' Reply in Support of Mot. to Defer Answer and Discovery, pp. 7-8). Nothing could be further from the truth. The TMC Defendants filed suit in Illinois because it was the closest, most convenient forum in which they believed personal jurisdiction could be obtained over all the parties. *See supra*, pp. 6-8.

In the Illinois proceeding, the Boeing Insurers allege that the TMC Defendants are "obviously" trying to avoid Ninth Circuit law. There is no merit to such an argument. The Carmack Amendment governs this dispute and both the Ninth Circuit and the Seventh Circuit recognize that the Carmack Amendment preempts the Boeing Insurers' state law causes of action. *See Hughes Aircraft Co.*, 970 F.2d at 613; *Boeing Company*, 539 F.2d 1228; *REI Transport, Inc.*, WL 731614; *North American Van Lines, Inc.*, 89 F.3d at 454.

Under the Carmack Amendment, a carrier's liability is limited to the value established by written declaration of the shipper or by a written agreement between the shipper and carrier. In such circumstances, both the Ninth Circuit and the Seventh Circuit have found that the shipper's recovery for damage to cargo is limited to the released value, **irrespective of the carrier's degree of fault**. *See e.g. Deiro v. American Airlines, Inc.*, 816 F.2d 1360, 1366 (9th Cir. 1987) (holding that recovery cannot exceed released value regardless of degree of carrier's negligence); *Hughes Aircraft Co.*, 970 F.2d at 611 (shipper's recovery limited to released value where carrier's driver fell asleep); *Quasar Co., a Div. of Matsushita Elec. Corp. of America v. Atchison, Topeka and Santa Fe Ry. Co.*, 632 F. Supp. 1106, 1108-09 (N.D. Ill. 1986) (holding that recovery cannot exceed released value no matter how negligent carrier was).

The Boeing Insurers attempt to circumvent the Carmack Amendment preemption of their alleged state law claims by citing a Ninth Circuit case, *Vision Air Flight Service, Inc. v. M/V*

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 17
(2:08-cv-00518 JCC)
08560219.DOC
13316.1

EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

*National Pride*, 155 F.3d 1165 (9th Cir. 1998). (*See* Ex. 5, Insurers' Reply in Support of Mot. to Defer Answer and Discovery, 7-8). *Vision Air* however, has nothing to do with the issues in this case. *Vision Air* involved application of completely different federal law, the Carriage of Goods at Sea Act (COGSA). In the *Vision Air* case, the shipper brought an action against the carrier after dock workers damaged two refueling trucks while unloading them from the ship by crane. *Id.* at 1167-68. The shipper alleged that the unloading procedure constituted an "unreasonable deviation" from the shipping contract and thus that limited liability under the COGSA was inapplicable. *Id.* at 1168. Notably, the court specifically rejected "the notion that gross negligence or recklessness may constitute an unreasonable deviation." *Id.* at 1175. Instead, the court's opinion was based on the premise that the shipper did not expect to bear the risk of *intentional* destruction of cargo. If the Plaintiffs' Motion to Transfer to Washington was made in reliance on the *Vision Air* case, the case will likely remain in Illinois. *Vision Air* was simply a case applying the material deviation doctrine developed in COGSA cases, which is not implicated in this case at all. In any event, the Boeing Insurers fail to articulate how the material deviation doctrine under the COGSA is unique to the Ninth Circuit.

### 5.1.4.3  Convenience Issues Do Not Exempt This Matter From the First-To-File Rule

In cases of concurrent federal litigation, issues related to convenience of the forum are properly addressed by the court in the first-filed action. *Alltrade*, 946 F.2d at 628; *Pacesetter*, 678 F.2d at 96. The issue of whether Washington is a more convenient forum for this dispute is already being addressed by the federal court in Illinois. (*See* Ex. 4, Insurers' Mot. to Transfer). As such, in the interest of brevity and judicial economy, the TMC Defendants refer the Court to the relevant sections of TMC's Resistance to the Boeing Insurers' Motion to Transfer, which is incorporated herein by reference. (Ex. 1, TMC's Resistance to Mot. to Transfer, pp. 4-13).

### 5.2.  A STAY OF PROCEEDINGS IS APPROPRIATE IF THE COURT DOES NOT DISMISS THE COMPLAINT

In the event the Court does not dismiss the Complaint, the TMC Defendants respectfully

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 18
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

request that this action be stayed. Forcing the TMC Defendants to proceed with litigation simultaneously in Washington and Illinois would unduly burden the TMC Defendants. The interests of justice and judicial economy favor staying this proceeding while the district court in Illinois rules on the Plaintiffs' Motion to Transfer. *See In re Com21, Inc.*, 357 B.R. 802, 809-10 (Bkrtcy. N.D. Cal. 2006); *see also Alioto v. Hoiles*, WL 2326367, at *6 (N.D. Cal. Oct. 12, 2004) ("'[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties.'") (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)).

When two federal courts are involved, ordinarily the court where the dispute was first-filed will make the consideration regarding convenience of the parties and witnesses. *Alltrade, Inc.*, 946 F.2d at 628. The second-filed court, in the interest of judicial economy and under principles of comity, "'is not required to duplicate this inquiry.'" *Id.* (quoting *Pacesetter*, 678 F.2d at 96). "The court in which the second suit was filed may transfer, stay, or dismiss that proceeding in order to allow the court in which the first action was filed to decide whether to try the case." *Alioto*, WL 2326367, at *3 (citing *Alltrade, Inc.*, 946 F.2d at 625).

If this Court decides that a stay is more appropriate, the Court can lift the order after the Illinois court rules on the Motion to Transfer and either dismiss this action if the Illinois court decides not to transfer the case (because the Boeing Insurers will have an adequate remedy there), or proceed with the case here if the federal court in Illinois transfers the action to Washington. *See Id.* at 627-28 (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 729 n. 1 (5th Cir. 1985) (indicating that stay may be appropriate course of action to permit court of first filing to rule on Motion to transfer).

### 6. CONCLUSION

The first-to-file rule clearly applies in this case. For all of the foregoing reasons, judicial efficiency and the interests of the parties will be best served by dismissing this action or staying these proceedings while the United States District Court for the Northern District of Illinois

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 19
(2:08-cv-00518 JCC)

08560219.DOC
13316.1


EISENHOWER
EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel: 206.382.1830
Fax: 206.382.1920

1  determines whether the Illinois action should be transferred to Washington or proceed separately.

2  **WHEREFORE**, for the reasons set forth herein, the TMC Defendants respectfully

3  request that the Court grant their Motion to Dismiss or, in the alternative, Stay these proceedings.

4  DATED this 28th day of April, 2008.

5                                     EISENHOWER & CARLSON, PLLC

7  By: _____
     John R. Ruhl, WSBA # 8558
8       Attorneys for Defendants

9       1201 Third Avenue, Suite 1650
     Seattle, Washington 98101
10      Telephone: (206) 382-1830
     Facsimile: (253) 382-1920
11      Email: jruhl@eisenhowerlaw.com

12      ATTORNEYS FOR DEFENDANTS

16  Additional Counsel for Defendants:

17  BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.

18     Denny M. Dennis  AT0002023
   Todd A. Strother  AT0007650
19     801 Grand Avenue, Suite 3700
   Des Moines, IA  50309-2727
20     Phone: (515) 243-4191
   Fax: (515) 246-5808
21     E-mail: Dennis.Denny@bradshawlaw.com
   E-mail: Strother.Todd@bradshawlaw.com

MOTION TO DISMISS COMPLAINT
OR ALTERNATELY TO STAY PROCEEDINGS - 20
(2:08-cv-00518 JCC)

08560219.DOC
13316.1



EISENHOWER & CARLSON, PLLC
Washington Mutual Tower
1201 Third Avenue, Suite 1650
Seattle, WA 98101
Tel 206.382.1830
Fax 206.382.1920