Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, ROYAL & SUN ALLIANCE INSURANCE PLC, RLI INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Plaintiffs, <br><br> - against - <br><br> YELLOWSTONE TRUCKING, INC., ANNETT HOLDINGS, INC., and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. <br><br> Defendants. | No. 2:08-cv-00518 (JCC) <br><br> **PLAINTIFFS' MOTION FOR RELIEF FROM THE DEADLINE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS** <br><br> **Note on Motion Calendar:** <br> **Friday, May 16, 2008** |

## I. INTRODUCTION

Defendants' destruction of two Boeing jet engines has given rise to two lawsuits *between the same parties*: a declaratory judgment in the Northern District of Illinois filed by Yellowstone Trucking et al. (defendants in this lawsuit) ("Defendants"), and the instant case in

PLAINTIFFS' MOTION FOR RELIEF FROM THE
DEADLINE TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS - 1

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200


EXHIBIT B

the Western District of Washington filed by cargo underwriter plaintiffs (i.e., defendants in the Illinois lawsuit) ("Plaintiffs"). Plaintiffs do not wish to tax the courts by requiring this litigation to proceed in two tribunals simultaneously. Therefore, although Plaintiffs believe the present action to be the first case filed in good faith concerning the matter at issue and have filed a motion to transfer the Illinois case to Washington (as well as a motion to dismiss due to a prior action pending), they request that this Court defer Plaintiffs' obligation to fully respond to Defendants' Motion to Dismiss (Docket No. 9) until the motions pending in the Northern District of Illinois are resolved.

## II.   FACTUAL BACKGROUND

The facts surrounding Defendants' willful destruction of the two jet engines have been set forth at length in the Complaint in this case. As a result of the damage, Plaintiffs, as cargo underwriters, paid to The Boeing Company ("Boeing") $5,750,000.00 in subrogation. Initially, pursuant to a binding contract clause between Boeing and Defendant TMC, Plaintiffs attempted to pursue recovery of this sum in mediation. In fact, mediation was <u>mutually</u> scheduled for March 4, 2008 in Seattle, Washington, with retired Chief Justice of the Washington Supreme Court Robert F. Utter as the mediator. On the eve of mediation, however, Plaintiffs unexpectedly filed a declaratory judgment action in the Northern District of Illinois, despite the fact that the obviously proper venue for this litigation is Washington.

The planned mediation and the inappropriateness of an Illinois forum were detailed at length in Plaintiffs' (nominal defendants in Illinois) *Motion to Transfer to the Western District of Washington Pursuant to 28 U.S.C. Section 1404(a)*, filed on March 20, 2008, which is incorporated by reference herein ("*Motion to Transfer*"). See Exhibit A to the Declaration of Todd A. Barton ("Barton Decl."). Plaintiffs then filed the instant case, and would have done so sooner, but believed the case was progressing toward an amicably mediated resolution until ambushed by Defendants' declaratory judgment action. Plaintiffs also subsequently filed a *Motion to Dismiss [the Illinois action] Due to a Prior Action Pending*, on the basis that the

PLAINTIFFS' MOTION FOR RELIEF FROM THE
DEADLINE TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS - 2

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

present action constitutes a prior action pending under an exception to the first-to-file rule ("*Illinois Motion to Dismiss*"). *See* Barton Decl., Exh. B. In the unlikely event that the Illinois district court denies Plaintiffs' (defendants in Illinois) motions to transfer and dismiss, Plaintiff would anticipate the dismissal of the case before this tribunal.

Defendants filed the instant Motion to Dismiss in this case (not to be confused with Plaintiffs' *Illinois Motion to Dismiss*), which was re-noted for May 23, 2008. Should the Court deny Plaintiffs' motion for relief from the deadline to respond, Plaintiff's response brief will be due May 19, 2008. At this time, Plaintiffs do not know the date their motions to transfer and dismiss in Illinois will be resolved. So in the interest of judicial economy, Plaintiffs respectfully request that the Court grant this motion to allow Plaintiffs to defer their response to Defendants' Motion to Dismiss until such time as the court in Illinois has ruled on the similar motions pending there.

### III. ARGUMENT

**A. This Court Should Defer Plaintiffs' Obligation to Respond to Defendant's Motion to Dismiss, Pending Resolution of the Motions to Transfer and Dismiss the Similar Action in the Northern District of Illinois.**

Plaintiffs consider the present action to be, in fact, the first-filed case. The argument on this point has already been recited in their *Illinois Motion to Dismiss*, which is incorporated by reference herein. *See* Barton Decl., Exh. B. The argument is straightforward: Defendants' Illinois action was an impermissible declaratory judgment suit brought in anticipation of litigation and in bad faith, which had as its ultimate purpose the goal of depriving Plaintiffs their right to choose their forum. *Id.* Thus, Plaintiffs seriously dispute Defendants' contention in their Motion to Dismiss in this tribunal that the Illinois action was the first-filed case and that the present case should be dismissed. However, Plaintiffs agree that this case should not proceed at the present time.[1]

---

[1] In their Motion to Dismiss, Defendants themselves have argued that a stay is appropriate in this case.

As discussed above, Plaintiffs have asked the Illinois Court to transfer that action to this district for the convenience of the parties, witnesses and in the interests of justice. *See* Barton Decl., Exh. A. Again, Plaintiffs consider the present action to be the proper first-filed case, but agree the potential transfer should be addressed by the Illinois District Court. Thus, in the interest of judicial economy, there is no reason that this Court should have to duplicate the inquiry. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 n.1 (5th Cir. 1985) ("A stay may, for example, be appropriate to permit the court of [chronological] first filing to rule on a motion to transfer.").

Even assuming *arguendo* that the Illinois action was the proper first-filed case, "where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). As discussed above, a meritorious Motion to Dismiss has been filed in the Northern District of Illinois. Therefore, because the propriety of the Illinois action is in question, this Court should defer Plaintiffs' response to Defendants' Motion to Dismiss in this action pending the outcome of the Illinois Motions to Transfer and Dismiss.

**B.      Timing of Plaintiffs' Response to Defendants' Motion to Dismiss Necessitates This Motion Under CR 7(d)(2)(A).**

Local civil rules provide that a party may note for consideration a motion requesting relief from a deadline no seven or more days after filing. *See* CR 7(d)(2)(A). Accordingly, this motion is noted for May 16, 2008. If this motion is not granted, the deadline to file Plaintiff's response to Defendants' *Motion to Dismiss* falls one business day later, on Monday, May 19, 2008 (the motion is noted for hearing on Friday, May 23, 2008). Plaintiffs sought, but were unable to secure, a stipulation from Defendants agreeing to postpone Defendants' *Motion to Dismiss* until after the Illinois transfer/dismissal issues were resolved, thereby requiring this

PLAINTIFFS' MOTION FOR RELIEF FROM THE
DEADLINE TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS - 4

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

motion. Plaintiffs thus request relief from the May 19, 2008 deadline until the Illinois issues have been ruled upon one way or the other.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court defer their obligation to fully respond to Defendants' Motion to Dismiss until twenty (20) days after resolution of the Motions to Transfer and Dismiss currently under consideration by Judge Lefkow in the Northern District of Illinois.

Dated: Seattle, Washington
       May 7, 2008

MALOOF BROWNE & EAGAN LLC
By: s/ David T. Maloof
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
Tel: (914) 921-1200
Fax: (914) 921-1023
Email: dmaloof@maloofandbrowne.com
Attorneys for Plaintiffs

and

MONTGOMERY SCARP MACDOUGALL, PLLC
Bradley Scarp
1218 Third Avenue, 27th Floor
Seattle, Washington 98101
Tel: (206) 625-1801

PLAINTIFFS' MOTION FOR RELIEF FROM THE
DEADLINE TO RESPOND TO DEFENDANTS'
MOTION TO DISMISS - 5

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, ROYAL & SUN ALLIANCE INSURANCE PLC, RLI INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> *Plaintiffs,* <br><br> - against - <br><br> YELLOWSTONE TRUCKING, INC., ANNETT HOLDINGS, INC., and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. <br><br> *Defendants.* | No. 2:08-cv-00518 (JCC) <br><br> DECLARATION OF TODD A. BARTON IN SUPPORT OF PLAINTIFFS' MOTION TO DEFER ITS RESPONSE TO DEFENDANTS' MOTION TO DISMISS |

Plaintiffs' Limited Response to
Defendants' Motion to Dismiss                     1

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200

I, Todd A. Barton, declare that I am an associate of Maloof Browne & Eagan LLC, attorneys for Defendants, Certain Underwriters at Lloyds and those companies severally subscribing to Boeing Policy Number 509/JC487006, Royal & Sun Alliance Insurance plc, RLI Insurance Company, St. Paul Fire & Marine Insurance Company, Great American Insurance Company, Mitsui Sumitomo Insurance Company of America, Tokio Marine & Nichido Fire Insurance Company, XL Specialty Insurance Company, Fireman's Fund Insurance Company, The Baloise Insurance Company, Ltd., Hartford Fire Insurance Company and Zurich Global Corporate, UK Ltd. (hereinafter "Defendants"). I declare the following upon information and belief.

1. I attach hereto as Exhibit A a true copy of Plaintiffs' (nominal defendants therein) Motion to Transfer to the Western District of Washington Pursuant to 28 U.S.C. § 1404(a), filed on March 20, 2008.

2. I attach hereto as Exhibit B a true copy of Plaintiffs' (nominal defendants therein) Motion to Dismiss that Action Due to a Prior Action Pending, filed on April 29, 2008.

I declare the foregoing is true and correct under penalty of perjury of the laws of the United States.

Dated: Rye, New York
April 29, 2008


Todd A. Barton

Plaintiffs' Limited Response to
Defendants' Motion to Dismiss

2

Maloof Browne & Eagan LLC
411 Theodore Fremd Ave., Ste. 190
Rye, NY 10580
(914) 921-1200