UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, ROYAL & SUN ALLIANCE INSURANCE, PLC, RLI INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, XL SPECIALTY INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Plaintiffs, <br><br> v. <br><br> YELLOWSTONE TRUCKING, INC., ANNETT HOLDINGS, INC., and ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC., <br><br> Defendants. | CASE NO. C08-0518-JCC <br><br> ORDER |

ORDER – 1

EXHIBIT C

This matter comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, to Stay Proceedings (Dkt. No. 9), as well as Plaintiffs' Motion for Relief from the Deadline to Respond to Defendants' Motion to Dismiss (Dkt. No. 14), Defendants' Response (Dkt. No. 17) and Plaintiffs' Reply (Dkt. No. 19). Having considered the parties' briefing and supporting documentation, and determining that oral argument is unnecessary, the Court hereby finds and rules as follows.

I.  BACKGROUND

Plaintiff insurers bring this action to recover sums they paid out to Boeing for damages incurred to two jet aircraft engines. The engines were allegedly damaged while being transported by Defendants pursuant to a trucking transportation contract with Boeing. (*See* Compl. ¶¶ 1–15, 18–27 (Dkt. No. 1).) Prior to the filing of this action in the Western District of Washington on April 2, 2008, Defendants filed an action for declaratory judgment in the Northern District of Illinois on February 22, 2008. (*See* Lefkow Ord. (Dkt. No. 18 at 3).) While the parties appear to agree that both actions involve substantially identical issues, Plaintiffs here maintain that the suit in Illinois was improperly filed. (Pls.' Mot. 3 (Dkt. No. 14).)

To date, the Illinois action has progressed significantly. On March 20, Defendants (Plaintiffs in this action) moved to transfer the case to the Western District of Washington. Judge Lefkow set a briefing schedule and hearing date for that motion, and instructed the parties to file their responsive pleadings and continue with discovery. (Lefkow Ord. (Dkt. No. 18 at 3).) Following that ruling, Plaintiffs filed this action, and then moved the Illinois court to delay their obligation to file an answer and continue with discovery until after the resolution of their motion to transfer. (*Id.*) Judge Lefkow denied this latter motion and has set a ruling date of June 10 for the motion to transfer. (*Id.*)

On April 28, 2008, Defendants' filed a Motion to Dismiss Plaintiffs' Complaint, or in the Alternative, to Stay Proceedings in this Court. (Dkt. No. 9.) Plaintiffs filed the present motion seeking relief from its obligation to respond to Defendants' motion until the Illinois court decides its motion to transfer. Defendants oppose the motion, requesting that its motion to dismiss proceed as scheduled.

ORDER – 2

## II. DISCUSSION

The Court will refrain from deciding Defendants' Motion until Judge Lefkow issues her ruling on where this action should take place. Defendants argue that regardless of what Judge Lefkow decides, this case will have to be dismissed based on either the "first to file" rule or the requested transfer. (Defs.' Resp. 6–7 (Dkt. No. 17).) In light of Plaintiffs' allegation that the Illinois action was improperly filed, as well as Plaintiffs' argument that the two actions might properly be consolidated, the Court is not entirely convinced that it is constrained as Defendants suggest, and considers it ill-advised to issue a ruling premised upon a supposition Judge Lefkow may not embrace. In sum, there appears to be some risk associated with adjudicating this matter at the present time, and little harm in a short delay.

Accordingly, this action is hereby STAYED and removed from the Court's active caseload until one or both parties request that the matter be reopened. Consistent with this approach, Defendants' Motion to Dismiss (Dkt. No. 9) is STRICKEN. Should the case be reopened, Defendants are welcome to re-file their motion with whatever changes, if any, may be appropriate at that time. Plaintiffs' Motion (Dkt. No. 14) is hereby GRANTED with the understanding that its obligation to respond to any future motion Defendants may file will be governed by the local civil rules.

SO ORDERED this 21st day of May, 2008.

John C. Coughenour
United States District Judge

ORDER – 3