IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETT HOLDINGS, INC. d/b/a TMC TRANSPORTATION, INC. and YELLOWSTONE TRUCKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYDS AND THOSE COMPANIES SEVERALLY SUBSCRIBING TO BOEING POLICY NUMBER 509/JC487006, RLI INSURANCE COMPANY, GREAT AMERICAN INSURANCE COMPANY, TOKIO MARINE & NICHIDO FIRE INSURANCE COMPANY, FIREMAN'S FUND INSURANCE COMPANY, ROYAL & SUN ALLIANCE INSURANCE PLC, ST. PAUL FIRE & MARINE INSURANCE COMPANY, MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA, XL SPECIALTY INSURANCE COMPANY, THE BALOISE INSURANCE COMPANY, LTD., HARTFORD FIRE INSURANCE COMPANY, ZURICH GLOBAL CORPORATE, UK LTD., <br><br> Defendants. | CASE NO: 1:08-cv-01106 <br><br> Honorable Judge Lefkow |

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIM, AFFIRMATIVE DEFENSES, AND JURY DEMAND

**COME NOW** the Plaintiffs-Counterclaim Defendants, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., and for their Reply to Defendants' Counterclaims, state as follows:

45. Paragraph 45 is denied for lack of information sufficient to form a belief.

46. Paragraph 46 is denied for lack of information sufficient to form a belief.

47. Paragraph 47 is denied for lack of information sufficient to form a belief.

48. Paragraph 48 is denied for lack of information sufficient to form a belief.

49. Paragraph 49 is denied for lack of information sufficient to form a belief.

50. Paragraph 50 is denied for lack of information sufficient to form a belief.

51. Paragraph 51 is denied for lack of information sufficient to form a belief.

52. Paragraph 52 is denied for lack of information sufficient to form a belief.

53. Paragraph 53 is denied for lack of information sufficient to form a belief.

54. Paragraph 54 is denied for lack of information sufficient to form a belief.

55. Paragraph 55 is denied for lack of information sufficient to form a belief.

56. Paragraph 56 is denied for lack of information sufficient to form a belief.

57. For their reply to Paragraph 57, Plaintiffs-Counterclaim Defendants admit that Yellowstone Trucking, Inc. ("Yellowstone") is an Iowa corporation with its principal place of business in Des Moines, Iowa. By way of further reply to Paragraph 57, Plaintiffs-Counterclaim Defendants admit that Yellowstone operates trucking routes through the Northern District of Illinois and was transporting the two CFM-56-B Jet Aircraft Engines, serial numbers 892-976 and 892-978, from Peebles, Ohio, to Tukwila, Washington for The Boeing Company ("Boeing"). To the extent Paragraph 57 calls for a legal conclusion, no response is required. All remaining allegations and statements in Paragraph 57 are denied.

58.     For their reply to Paragraph 58, Plaintiffs-Counterclaim Defendants admit that Annett Holdings, Inc. d/b/a TMC Transportation, Inc. ("TMC") is an Iowa corporation with its principal place of business in Des Moines, Iowa.  By way of further reply to Paragraph 58, Plaintiffs-Counterclaim Defendants admit that TMC does business as a common carrier of goods for hire, and that it operates trucking routes through the Northern District of Illinois.  To the extent Paragraph 58 calls for a legal conclusion, no response is required.  All remaining allegations and statements in Paragraph 58 are denied.

## II.  JURISDICTION AND VENUE

59.     For their reply to Paragraph 59, TMC and Yellowstone admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) and 49 U.S.C. § 14706 and/or supplemental jurisdiction over pursuant to 28 U.S.C. § 1367.  The remaining statements in Paragraph 59 are denied for lack of information sufficient to form a belief.

60.     For their reply to Paragraph 60, TMC and Yellowstone admit that venue is proper in the Northern District of the State of Illinois.  All other allegations and statements in Paragraph 60 are denied.

## III.  FACTS CONCERNING THE SHIPMENT

61.     For their reply to Paragraph 61, TMC and Yellowstone admit that Yellowstone entered into a Full Truckload Transportation Contract effective February 1, 2006, with Boeing.  All remaining allegations and statements in Paragraph 61 are denied.

62.   For their reply to Paragraph 62, TMC and Yellowstone admit that Betty Messner was a truck operator for Yellowstone in June 2006 and that two Bills of Lading were issued to Yellowstone for two CFM-56-B Jet Aircraft Engines, serial numbers 892-976 and 892-978.  All remaining allegations and statements in Paragraph 62 are denied for lack of information sufficient to form a belief.

63.   For their reply to Paragraph 63, TMC and Yellowstone state that Yellowstone received the Engines for shipment and that the Shipping Documents and Bills of Lading issued to Yellowstone for transport of the two CFM-56-B Jet Aircraft Engines speak for themselves.  To the extent Paragraph 63 calls for a legal conclusion, no response is required.  All remaining allegations and statements contained in paragraph 63 are denied.

64.   For their reply to Paragraph 64, TMC and Yellowstone admit only that Straight Bills of Lading numbered 216745 and 216746 and Shipping Documents numbered 905893 and 905894 were issued.  All remaining allegations and statements contained in Paragraph 64 are denied.

65.   Paragraph 65 is denied.

66.   For their reply to Paragraph 66, TMC and Yellowstone specifically deny the statement and allegation that "the operator of the Yellowstone truck carrying the Shipment fell asleep at the wheel, eventually causing the truck to flip over and causing severe damage to the Shipment."  All remaining allegations and statements contained in Paragraph 66 are denied for lack of information sufficient to form a belief.

67. For their reply to Paragraph 67, TMC and Yellowstone admit that Yellowstone did not make delivery of the cargo described in the applicable Bills of Lading. All remaining allegations and statements contained in Paragraph 67 are denied.

68. Paragraph 68 is denied for lack of information sufficient to form a belief.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 calls for a legal conclusion and as such, no response is required.

## FIRST CAUSE OF ACTION

## BREACH OF BAILMENT OR CARRIER OBLIGATIONS

### (As Against Plaintiff-Counterclaim Defendant Yellowstone)

72. For paragraph 72, Yellowstone re-alleges paragraphs 45-71 as if set forth here. Paragraphs 72-74 do not involve TMC, and therefore no response is required nor made by that party.

73. To the extent Paragraph 73 calls for a legal conclusion, no response is required. Each and every other allegation contained in paragraph 73 is denied.

74. Paragraph 74 is denied.

WHEREFORE, the Plaintiffs-Counterclaim Defendants, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., respectfully request that the Court dismiss Defendants' First Cause of Action at Defendants' cost.

## SECOND CAUSE OF ACTION

### TORT: NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT

**(As Against Plaintiff-Counterclaim Defendant Yellowstone)**

75. For paragraph 75, Yellowstone re-alleges paragraphs 45-74 as if set forth here. Paragraphs 75-78 do not involve TMC, and therefore no response is required nor made by this party.

76. To the extent Paragraph 76 calls for a legal conclusion, no response is required. Each and every other allegation contained in paragraph 76 is denied.

77. To the extent Paragraph 77 calls for a legal conclusion, no response is required. Each and every other allegation contained in paragraph 77 is denied.

78. Paragraph 78 is denied.

WHEREFORE, the Plaintiffs-Counterclaim Defendants, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., respectfully request that the Court dismiss Defendants' Second Cause of Action at Defendants' cost.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

**(As Against Both Plaintiffs-Counterclaim Defendants)**

79. For paragraph 79, TMC and Yellowstone re-allege paragraphs 45-78 as if set forth here.

80. Paragraph 80 is denied.

81. For their reply to Paragraph 81, TMC and Yellowstone state that the Service Contract speaks for itself. To the extent a reply to Paragraph 81 is required, it is denied.

82. To the extent Paragraph 82 calls for a legal conclusion, no response is required. Each and every other allegation contained in paragraph 82 is denied.

83. To the extent Paragraph 83 calls for a legal conclusion, no response is required. Each and every other allegation contained in paragraph 83 is denied.

84. Paragraph 84 is denied.

WHEREFORE, the Plaintiffs-Counterclaim Defendants, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., respectfully request that the Court dismiss Defendants' Third Cause of Action at Defendants' cost.

## AFFIRMATIVE DEFENSES

1. For further reply and by way of affirmative defense, TMC and Yellowstone restate the allegations set forth in the Complaint for Declaratory Relief as if fully set forth herein.

2. The Defendants-Counterclaim Plaintiffs fail to state claims upon which relief may be granted.

3. The doctrines of waiver, laches and/or estoppel bar this action, in whole or in part.

4. The Defendants-Counterclaim Plaintiffs' claims may be barred in whole or in part for failure to provide timely notice of a claim.

5.      Some or all of Defendants-Counterclaim Plaintiffs' claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706.

6.      TMC's and/or Yellowstone's liability is limited to the released value of the cargo as stated in the applicable Bills of Lading and/or the Service Contract.

7.      Defendants-Counterclaim Plaintiffs' damages may have been caused by the acts or omissions of persons or entities other than TMC or Yellowstone, which acts or omissions constituted an intervening and superseding cause of Defendants-Counterclaim Plaintiffs' damages, thereby precluding any recovery from TMC or Yellowstone.

8.      The Defendants-Counterclaim Plaintiffs may have failed to mitigate said damages, and this failure bars or reduces recovery.

9.      TMC and Yellowstone reserve the right to amend their Reply to assert any and all additional affirmative defenses which may become apparent or available during the course of these proceedings.

## JURY DEMAND

**COME NOW** the Plaintiffs-Counterclaim Defendants, Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc., and hereby demand a trial by jury of all issues contained herein.

Respectfully Submitted,

Annett Holdings, Inc. d/b/a TMC Transportation, Inc. and Yellowstone Trucking, Inc.

By: /s/ Jason Bent
　　　One of its Attorneys

Denny M. Dennis
Todd A. Strother
Bradley M. Beaman
BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-2727
Tel:　(515) 246-5848
Fax:　(515) 246-5808
E-Mail: dennis.denny@bradshawlaw.com
E-Mail: strother.todd@bradshawlaw.com
E-Mail: beaman.bradley@bradshawlaw.com

and

Jason R. Bent
SMITH & BENT, P.C.
ARDC No.  6278857
53 West Jackson Boulevard, Suite 402
Chicago, IL  60622
Tel:　(312) 546-6140
Fax:　(888) 664-8172
E-Mail: jbent@smithandbent.com