# WILLIAM TETLEY

# MARINE CARGO CLAIMS

## Fourth Edition

Volume 2
Chapters 32 to 46
National Summaries and Index

**THOMSON**
**CARSWELL**

EXHIBIT C

# WILLIAM TETLEY

# MARINE CARGO CLAIMS

### Fourth Edition

Volume 2
Chapters 32 to 46
National Summaries and Index

THOMSON
CARSWELL



ility to timely file a lawsuit. In other
y terms creates no greater risk that
t within the statutory period. Accord-
rcuit in concluding that an unreason-
ullify COGSA's one year statute of

lready taken a similar position,[105]
edominant,[106] even in the South-

held that an unreasonable geo-
he one-year time bar of the Hague

ographic deviation may not ordi-
r, however, it *should* do so in cer-
the plaintiff is unaware of the
after the goods have been deliv-

### 4) "In any event"

Some courts in the United States have had difficulty in reconciling the sanction of the traditional doctrine of deviation with the words "in any event" in art. 4(5), first para., which reads:

> Neither the carrier nor the ship shall *in any event* be or become liable for any loss or damage to or in connection with goods in an amount exceeding 100 pounds sterling per package ... unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading [Emphasis added].

In the United States, the Seventh Circuit interpreted the words "in any event" literally and held that the liability of a carrier for damage is always limited to $500 per package, even in cases of geographic deviation or other fundamental breach.[110] The Second Circuit, on the other hand, held that when a contract is fundamentally breached by the carrier, the contract no longer exists and the carrier may not claim exemptions because the Hague Rules, including the package limitation of art. 4(5) first para., no longer apply. The approach of the Second Circuit later became the prevailing rule in virtually all U.S. federal circuits.[111] Tenney D.J. of the Southern District of New York, in *Tuxpan Lim. Procs.*,[112] gave an historical overview of the Seventh/Second Circuit dichotomy on this point.

It is noteworthy that the argument adopted above by the Second Circuit in cases of fundamental breach was also adopted by the Sec-

---

'l Lines 439 So.2d 1035 at p. 1036 (Fla. 3d
zione v. M/V Hermes I 724 F.2d 21 at
2 Cir. 1983) (even if allegations of system-
ed additional risks, there was no relation-
s and those risks); *Styling Plastics Co.* v.
6 at p. 1413, 1988 AMC 351 at p. 361 (N.D.
a deviation, a reasonable time limitation
i Parolamas v. M/V Robert E. Lee 1989
. 1989) (the geographic deviation, if one
aintiff's ability to commence action within
s awareness of its rights under COGSA.
statute of limitations be avoided on that
ling Co., Inc. 771 F.Supp. 1193 at p. 1199

v of the Considerations Involved in Han-
Mar. L.J. 263 at p. 316.
  S/S Oceanis 690 F. Supp. 1365 at p. 1368

ay (1963) 43 W.W.R. 442 at p. 443 (Alta.

merican President Lines, Ltd. 1989 AMC
the Court stressed that the one-year stat-
itably tolled if the plaintiffs had failed to
re than one year after the delivery date.

110. See *Atlantic Mutual Ins. Co.* v. *Poseidon Schiffahrt.* 313 F. 2d 872 (7 Cir. 1963), cert. denied, 375 U.S. 819, 1963 AMC 2697 (1963). See also S. L. Gibson, The Evolution of Unreasonable Deviation Under U.S. COGSA (1991) 3 U.S.F. Mar. L.J. 197 at p. 210; C. Hooper, Admiralty Law Symposium: Admiralty Law at the Millennium: Carriage of Goods and Charter Parties (1999) 73 Tul L. Rev. 1697 at pp. 1715-1716. For a review of the Seventh Circuit's position on this point, see J. Hoke Peacock, Deviation and Package Limitation under the Hague Rules and the Carriage of Goods by Sea Act: An Alternative Approach to the Interpretation of International Uniform Acts (1990) 68 Tex. L. Rev. 977.
111. See *Jones* v. *The Flying Clipper* 116 F. Supp. 386 (S.D. N.Y. 1953); *Encyclopaedia Britannica, Inc.* v. *S.S. Hong Kong Producer* 422 F. 2d 7 (2 Cir. 1969), cert. denied, 397 U.S. 964, 1971 AMC 813 (1970). See also *Spartus Corp.* v. *S.S. Yafo* 590 F. 2d 1310, 1979 AMC 2294 (5 Cir. 1979); *General Electric Co.* v. *S.S. Nancy Lykes* 706 F.2d 80 at pp. 86-88, 1983 AMC 1947 at pp. 1957-1959 (2 Cir. 1983), cert. denied 464 U.S. 849, 1984 AMC 2403 (1983); *Caterpillar Overseas, S.A.* v. *Marine Transport Inc.* 900 F.2d 714 at pp 720-721, 1991 AMC 75 at pp. 83-85 (4 Cir. 1991). See also M. Sturley, An Overview of the Considerations Involved in Handling the Cargo Case (1997) 21 Tul. Mar. L.J. 263 at pp. 339-340 and other decisions cited there.
112. *In Re Tecomar S.A.* (*Tuxpan Lim. Procs.*) 765 F. Supp. 1150 at p. 1184, 1991 AMC 2432 at p. 2451 and note 92 (S.D. N.Y. 1991).

